## H. S. LORD *vs.* CITY OF ANOKA.

### December 9, 1886.

**Municipal Corporations — Special Meetings of Council of Anoka — Notice.**—Under section 2, subchapter 4, of the charter of the city of Anoka, (Sp. Laws 1878, c. 2,) a special meeting of the city council is not valid unless called by the mayor by written notice to each member of the council, delivered to him personally, or left at his usual place of abode, or unless all the members, or at least all who are not properly notified, are present at the meeting.

Plaintiff brought this action in the district court for Anoka county, to recover arrears of salary as city attorney.   At the trial, before *Young*, J., (a jury being waived,) the court allowed the defendant, against plaintiff's objection and exception, to introduce in evidence the proceedings of the special meeting of the council of September 11, 1884, mentioned in the opinion, and refused to allow plaintiff to show that the members absent from that meeting never received any notice of it.   At the close of the evidence the court, on defendant's motion, dismissed the action.   A new trial was refused, and the plaintiff appealed.

*G. H. Wyman*, for appellant.

*E. Hammons*, for respondent.

BERRY, J.   Plaintiff's salary was originally (April 10, 1884) fixed at $12.50 per month.   On July 29, 1884, it was raised to $25 per month.   He served from April 11, 1884, to April 18, 1885.   In this state of facts he was entitled to recover (deducting payments made) at the rate of $12.50 per month until the raise, and of $25 per month.

thereafter. It is not pretended nor claimed that the special meeting of September 11, 1884, at which an attempt was made to reduce the salary, was valid. It certainly was not, unless notice of it was delivered to each member of the council, or left at his usual place of abode, as required by the provision of the defendant's charter, (Sp. Laws 1878, *c.* 2, p. 59, § 2,)—which also clearly implies that the notice should be in writing,—or unless all the members, or at least all who were not properly notified, were present at the meeting, as held in *State* v. *Smith*, 22 Minn. 218.

The defence of the attempted tender is very properly abandoned by the defendant, and there is nothing whatever in the comments upon the complaint. In defendant's brief nothing is said about plaintiff's failure (according to the record) to prove the demand alleged in the complaint and denied in the answer, but the matter was barely alluded to in defendant's oral argument. But as it was not at all discussed, and according to the statement of plaintiff's counsel a demand was in fact proved upon the trial below, we do not feel called upon to consider the question of the necessity of a demand, as it does not appear to be practically important in the case, which is, no doubt, substantially disposed of by what we have already said.

Order reversed, and new trial awarded.