TERRAL v. ARKANSAS LIGHT & POWER COMPANY.

Opinion delivered March 10, 1919.

1. MUNICIPAL CORPORATIONS—REFERENDUM—POLICE POWER.—Under Acts 1913, p. 569, § 10, providing that "no order of referendum shall be allowed upon any ordinance  * * *  for the exercise of police powers," a referendum of an ordinance increasing the charges of a light and power company during the war is not an exercise of police power.

2. MUNICIPAL CORPORATIONS—REFERENDUM PETITION.—Although the statutory form for affidavits to referendum petitions (Acts 1913, p. 567, § 5) directs that the names of signers be included in the affidavit, an affidavit on the back of the petition to the effect that the signers on the opposite side were legal voters was sufficient.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*John D. Arbuckle,* Attorney General, *Hardage & Wilson* and *McMillan & McMillan,* for appellant.

1. The council was attempting to exercise its contractual and not its police powers, so the ordinances, if valid, are subject to be submitted to a vote of the people. 82 Ore. 114; Am. Ann. Cas. 1917 E, 996-1000.

2. An ordinance granting a franchise is when accepted a contract. Any ordinance amending that ordinance is also an ordinance granting a franchise for the original franchise and the franchise as amended are distinct, and the franchise as amended comes into existence through the amending ordinance and was subject to the referendum. Act March 6, 1913, p. 563; 5 Ark. 595-599; 3 Cranch, 1; 4 *Id.* 333; 28 Rep. 611; 5 Ark. 651, 656; 112 *Id.* 223-6; 110 *Id.* 528, 533.

3. There is no emergency clause or state or other manifestation that it was the intention of the council that either of the ordinances were passed in or for the exercise of the *police power,* and this shows a determination by the council that they are subject to be referred to a vote of the people. 109 Ark. 479. The discretion of the legislative and executive departments as to the wisdom, expediency or necessity of any given law is conclusive on the courts, and can not be reviewed or called in question by them. 24 Kan. 700-706; 74 Pac. 710. The act of 1913 makes these ordinances subject to a referendum vote, as there is no emergency clause to the ordinance or amended ordinance or anything else to show that these ordinances were for the exercise of the police power. *Hodgens* v. *Hanson,* 109 Ark. 479; 64 Ark. 152-4; *L. R. Ry. & Elec. Co.* v. *Dowell,* 101 Ark. 227; Ann. Cas. 1916 B, 817; 103 Ark. 48.

4. The ordinance is general legislation affecting the people of the whole city. 117 Ark. 266.

5. The council has no contractual power to increase rates without consideration. 5 Ark. 595-6; 112 *Id.* 223; 101 *Id.* 227.

6. The council has no police power to increase rates fixed in the ordinance originally granting the franchise nor is the power inherent nor is there any statute dele-

gating such power.   27 Ark. 467; 49 Am. St. 280; 28 Cyc. 724, note 17; 71 Ark. 4.

Our Legislature has not expressly or impliedly granted the power to increase rates for water and light to municipalities.  Kirby & Castle's Digest, § 6468; Kirby's Digest, § § 5442-3, as amended by Act 695, Acts 1909, and § 5445, Kirby & Castle's Digest, § 6471.  None of these statutes give the council power to *increase the rates* for water and lights.  58 Ark. 270-3. All doubts must be resolved against the city.  Am. Cas. 1917 E, 996-9; Kirby & Castle's Digest, § 6471, only provides for fixing rates when exorbitant, not when too low. When the rates are ruinous the resort is to the courts. 99 Ark. 178.   The power to regulate rates must be specifically granted.   49 A. L. R. 288; 28 Cyc. 724; 95 Ark. 605; 110 *Id.* 532; 64 *Id.* 363.

7.   The council is not only not given the power to pass such an ordinance but by virtue of its obligations as trustee for the people it is in violation of its trust to pass an ordinance so plainly opposed to the interests of the people.   The ordinance is not valid on its face.   80 Ark. 108-125; 49 Am. Rep. 416; 101 Ark. 228.   The ordinance is void.   Cases, *supra.*

*Callaway & Huie,* for appellee.

1.   The ordinances were the exercise of the police power.   94 U. S. 113; 143 *Id.* 517; 219 *Id.* 104; 233 *Id.* 389; 204 S. W. 386; *Ib.* 1074.   The rates were only increased during the war period.   Our courts take judicial knowledge of the fact that during the war prices of everything increased.   Power has been delegated to cities to provide for water and lights, etc.   This is a delegation of police power.   *Supra.*   31 Cyc. 902; 28 *Id.* 692.   If the council had the right to fix the rate in the first instance, it could increase it when the situation might demand it.   The cases cited by appellant have no bearing on this case.   *Supra.*

2.   The sheets were not properly verified.   Act March 6, 1913, § 6.   The substance, not the form used is what we complain of, as the very essence and substantial

part of the procedure was disregarded. The principle of the initiative and referendum came from Switzerland and South Dakota was the first to adopt it. It was held there that the referendum is not a delegated legislative power but in effect a veto power, the exercise of which should be with caution. 33 So. Dak. 40. See also 35 Okla. 49; 160 N. W. 162. If the petitions for referendum are granted it will be too late as the war period and the six months thereafter will have expired and the case should be affirmed.

HUMPHREYS, J. Appellee brought suit against appellant in the Pulaski Chancery Court to enjoin him, in his official capacity as Secretary of State, from certifying to the election commissioners, under the referendum, two ordinances passed by the city council of the city of Arkadelphia, on August 5, 1918, by which appellee was permitted to charge the consumers of water and electricity in said city an increased rate of twenty-five per cent. over the maximum rate fixed in the original franchises, during the period of the war between the United States and the imperial government of Germany and for six months thereafter. Two allegations in the complaint, material to the issues to be determined on appeal, were (1) that the raise in rate to consumers in said city of water and electricity, was an exercise of the city's police power, within the meaning of section 1, Act No. 135 of the General Assembly of 1913, and, therefore, not subject to a referendum vote of the electors of said city; (2) that the sheets of the petitions for referendum were not verified in the manner required by section 5, Act 135 of the General Assembly of 1913, providing for the referendum of certain ordinances. Upon these allegations appellant joined issue.

The cause was submitted to the court upon the pleadings, exhibits attached thereto, and two petitions for referendum, from which it was found that the ordinances raising the rates of water and electricity to the consumers of said city were enacted by the city council in the exercise of its police power and not subject to referen-

dum.   A decree was rendered perpetually enjoining appellant, in his official capacity, from certifying the ordinances to be voted upon by the electors of said city. From the findings and decree an appeal has been prosecuted to this court for trial *de novo.*

In 1914 the city of Arkadelphia granted franchises in separate ordinances to appellee for supplying water and electric lights to the city and inhabitants thereof. Provision was made in the ordinances for water hydrants and street lights at fixed rates, and maximum rates were fixed therein for private consumption of water and lights by the inhabitants of said city.. On the 5th day of August, 1918, by and with the assent of appellee, the city consumers for water and lights at a twenty-five per cent. council passed ordinances fixing the maximum charge to increase above the maximum price fixed in the franchises granted in 1914. One hundred and twenty-five electors of said city petitioned the appellant, in his official capacity, to certify the ordinances raising the rate for vote by the legal electors of the municipality under the general initiative and referendum act, No. 135 of the General Assembly of 1913. The following affidavit appeared on the back of each sheet to the petitions for referendum:
"State of Arkansas, County of Clark.

"I, C. F. Cooley, being first duly sworn, state that the names of the legal voters who signed on the opposite side of this sheet to the foregoing petition and each of them has stated his name, residence, postoffice address and voting precinct correctly and that each signer is a legal voter of the city of Arkadelphia.

"C. F. Cooley,

"Postoffice, Arkadelphia, Ark.

"Subscribed and sworn to before me this the 14th day of September, 1918.

"(Seal)          J. O. W. Hardy, N. P."

Learned counsel for appellee have tersely stated the two questions to be determined on appeal, as follows:

1. Were the two ordinances of August 5, 1918, abstracted by appellant, an exercise of the police power of the city and therefore not subject to referendum?

2. Were the sheets of the petitions verified by the person who circulated the petitions in the manner required by law?

1. It is provided in section 1, Act 135 of the General Assembly of 1913, that "No order of referendum shall be allowed upon any ordinance * * * for the exercise of police power." Learned counsel for appellant insist that "the exercise of police power" was used by the Legislature in this section in a limited and restricted sense so as not to include the granting of franchise or matters in relation thereto. Their interpretation of this section is clearly correct. The following provision appears in section 10 of said act: "After petition shall have been filed and a referendum ordered as provided herein, ordinances granting franchises may be submitted to the electors of the municipality at special election." By the use of this language, it is manifest that the Legislature did not intend to include matters pertaining to or relating to franchises, when it reserved from the referendum, ordinances passed and adopted in the exercise of police power. The clear intendment of the act was to allow the legal electors in the municipality to adopt or reject, by vote, ordinances relating to the granting of franchises. For this reason, the court erred in holding that the passage of the ordinances, raising the rates, was an exercise of its police power within the meaning of said initiative and referendum act.

2. It is said by appellee, however, that, even if the ordinances were referable under the referendum act, the sheets of the petitions were not properly verified by the person who circulated same in the manner required by law. Section 5 of Act 135 of the General Assembly of 1913, provides that the person who circulated the separate sheets of the petition shall make an affidavit thereon, and as a part thereof, in substantially the following form:

"State of Arkansas,
          ss.
County of ..............................

    I, ...........................,, being first duly sworn, state that (here shall be legibly written or printed the names of the signers of the sheet), signed this sheet of the foregoing petition, and each of them signed his name thereto in my presence. I believe each has stated his name, residence, postoffice address, and voting precinct correctly, and that each signer is a legal voter of the city or incorporated town of ................................., Arkansas.

                    Signature ..........................................................
                    P. O. ..................................................................

    Subscribed and sworn to before me this....................day of..........................., 191...........

    The forms herein given are directory, and not mandatory, and if substantially followed in any petition shall be sufficient, disregarding clerical and technical errors. Kirby & Castle's Digest, section 4448."

    The objection urged by appellee to the form of the affidavit is that the affidavit itself fails to include the names of the signers of the sheet or sheets. The act only requires a substantial compliance with the form of affidavit prescribed. By reference to the affidavit on the back of each sheet of the petition, set out in the statement of this case, it will be observed that the party circulating the sheet made oath that the signatures on the opposites side of the sheet were legal voters in the city of Arkadelphia and that they signed their respective names in his presence. The affidavit was clearly to the effect that every signer on the opposite side of the page was a legal voter and that every legal voter who signed his name did so in the presence of the parties circulating the sheets of the petition. It seems to us that nothing could be more specific than this affidavit and that it is a substantial compliance with the form set forth in said section. The or-

dinances being referable under said act, and the petition for reference being in accord with the provisions of the act, the court was in error in perpetually enjoining appellant, in his official capacity, from certifying the ordinances for adoption or rejection by the legal voters in the city of Arkadelphia.

The decree is therefore reversed and the complaint dismissed.