HARRISON v. CAMPBELL.

Opinion delivered July 2, 1923.

1. MUNICIPAL CORPORATIONS—PASSAGE OF ORDINANCES AT SPECIAL MEETINGS.—An ordinance passed at a special meeting of the council of an incorporated town is valid if all members of the council were voluntarily present at the meeting and participated in the proceedings.

2. MUNICIPAL CORPORATIONS—PLACE OF MEETING OF COUNCIL.— Where there was no regular meeting place of the town council

provided by ordinance, and it was the custom of the council for the most part to meet at the mayor's office, a special meeting held at such office, at which the ordinance in controversy was passed, was not held at an irregular place.

3. MUNICIPAL CORPORATIONS—PLACE OF MEETING OF COUNCIL.— When all the members of a town council were present at a certain meeting and participated in the proceedings, ordinances passed at such meeting cannot be attacked on the ground that the meeting was held at an irregular place.

4. MUNICIPAL CORPORATIONS—POWERS OF COUNCILS.—The common councils of cities and incorporated towns are creatures of the statutes, which must be looked to in order to ascertain the extent or limit of their powers.

5. MUNICIPAL CORPORATIONS—RIGHT TO VOTE IN TOWN COUNCIL.— Under Crawford & Moses' Dig., § 7671, providing that the corporate authority of incorporated towns shall vest in a mayor, a recorder and five aldermen, who shall constitute the council, the mayor and recorder are as much members of the council and entitled to vote on the passage of ordinances as are the aldermen.

Appeal from Baxter Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Allyn Smith* and *Owen Kendrick,* for appellants.

The appellants, as citizens and taxpayers, had the right to maintain the action. Section 13, art. 16, Constitution; C. & M. Digest, § 6514; 64 Ark. 489. As councilmen, they had a right to maintain it. 69 Ark. 606. The meeting at which ordinances 77 and 78 were passed was a special meeting upon verbal notice, and the ordinances passed thereat are void. 64 Ark. 489; 84 Ark. 540. The meeting at which said ordinances were passed was not held in the town hall, rendering same void. 92 S. W. 564. Under the law a recorder is not entitled to compensation, and he could not draw a salary raised to $25 a year after his election. C. & M. Digest, §§ 7675-7676. Ordinance 78 relates to more than one subject, § 7502, C. & M. Digest, and authorizes mayor to fill vacancy in marshal's office, contrary to statute. C. & M. Digest, § 7677. Mayor and recorder have no right to vote as members of the council. Three aldermen must vote for to

pass an ordinance. Quorum. C. & M. Digest, §§ 7671-74, 7502. A concurrence of four aldermen is necessary to making of contracts and appointments. Sections 7528, 7518, C. & M. Digest. The mayor and recorder have no right to vote with the aldermen. 49 S. W. (Ky.) 456; 37 L. R. A. (Mont.) 205; 61 S. W. (Ky.) 15; 35 Kan. 36; 83 Miss. 95, 35 So. 337; 52 Ark. 541, 13 S. W. 130.

*McCaleb & McCaleb,* for appellees.

Ordinances 77 and 78 are not invalidated by reason of being passed at a special meeting of the council. 118 Ark. 166. In this case all members of the council had notice, and all were present and voted. Both the mayor and recorder have the right to vote as members of the town council. C. & M. Digest, 7671. McQuillin on Municipal Ordinances, 158; Dillon on Municipal Corporations, §§ 273, 309; 1 A. L. R. 498. The authorities cited for appellants do not show any right to injunctive relief. Council had right to provide salary for recorder. *Meeks* v. *Texarkana,* 50 Ark. 81. No allegation or proof that said salary is larger or smaller than comes within provisions of § 7521, C. & M. Digest.

HART, J. Appellants brought this suit in equity against appellees to enjoin them from paying a salary to the recorder and marshal of the town of Cotter, and to enjoin two of the defendants from acting as mayor and recorder, respectively, of the town of Cotter.

Appellants are citizens and taxpayers of the town of Cotter. The basis of their suit is that the mayor and recorder of an incorporated town have no power to vote on the passage of ordinances, and also that the ordinances in question in this case, creating the office of city marshal and providing a salary for the recorder, were not legally passed.

The chancellor found the issues in favor of the appellees, and dismissed the complaint of appellants for want of equity. The case is here on appeal.

An ordinance was passed by the town council of the incorporated town of Cotter providing for a salary of

$25 per year for the recorder. The ordinance came up for final passage at a special or called session of the common council, at which the mayor, the recorder, and all five of the aldermen were present. Four of them, including the mayor and the recorder, voted in favor of the passage of the ordinance, and three of the aldermen voted against it. The ordinance providing for the election of a town marshal and the election of the marshal was passed in the same way. That is to say, the ordinance was passed at a called session at which all of the members of the common council were present and all of them voted. Four of them, including the mayor and the recorder, voted for the passage of the ordinance and the election of the city marshal, and three aldermen voted against it. The meetings were held at the office of the mayor, and that was the place where the council meetings were usually held. There was no ordinance providing for any special place for the common council to hold its meeting.

It is first earnestly insisted by counsel for appellants that the two ordinances in question are void because they were passed at a special meeting of the council. This contention, under the facts just stated, has been decided against appellants in the case of *Mena* v. *Tomlinson Bros.*, 118 Ark. 166. In that case it was held that, when all the members of a town council are voluntarily present at a meeting and participate therein, it is a legal meeting for all purposes, in the absence of a statute to the contrary. There is no statute in this State invalidating such a meeting.

It is insisted that this holding in the case just cited is *obiter dictum*. We do not think so. While the decision might have been placed wholly on another ground, still that course was not pursued. A part of the reasoning of the court was that the meeting was fully attended by all the members of the council, and that they all participated in its proceedings. This is in application of the maxim "illegality will not be presumed, but the con-

trary." The object of the notice is that all the members of the city council may be present and participate in the discussion and transaction of the public business. If they are present and all participate in the particular business transacted, the end of the law has been fully accomplished.

There is nothing in the contention that the meeting was held at an irregular place. There was no regular meeting place provided by the town ordinance, and it was the custom of the city council to meet for the most part at the mayor's office. Besides, the reasoning referred to above applies with equal force here. All of the members were present and exercised their duties as councilmen in the passage of the ordinances. It seems clear to us that, when all the members of the council meet and act as a body, they may at such meeting transact any business within the powers conferred by law upon them.

Again, it is insisted that the mayor and recorder had no right to vote upon the passage of the ordinances. The common councils of cities and incorporated towns are creatures of the statutes, and the statutes conferring the powers must be looked to to ascertain the extent or limit of such powers.

In this State the provisions with regard to the members of the common council of cities and incorporated towns are different. Cotter is an incorporated town. Hence we must look to the statute relating to the common council of incorporated towns to find out who shall constitute members of the council.

Sec. 7671 of Crawford & Moses' Digest defines the corporate authority of incorporated towns. It reads as follows: "The corporate authority of incorporated towns organized or to be organized for general purposes shall vest in one mayor, one recorder and five aldermen, who shall be qualified electors residing within the limits of the corporation, and shall hold their office for one year and until their successors are elected and

qualified, and such mayor, recorder and aldermen shall constitute the council of the incorporated town, any five of whom shall be a quorum for the transaction of business.''

Thus it will be seen by its express terms that the section of the statute provides that the mayor, recorder and aldermen shall constitute the council. The mayor and the recorder are named as members of the council as much so as the aldermen. By force of the statute they become members of the council, and are entitled to vote upon the passage of all ordinances which come before the council for its action.

Having determined that the ordinances in question were legally passed at a special meeting, and that the mayor and recorder are members of the council, the other questions argued by counsel for appellants pass out of the case.

Therefore the decree will be affirmed.