SMITH *v.* LAWSON.

Opinion delivered November 30, 1931.

*Philip McNemer,* for appellant.

*Linwood Brickhouse,* for appellee.

SMITH, J. Appellant filed a petition in the court below for a writ of mandamus to be directed to James Lawson, as collector of the city of Little Rock, to require that officer to receive the purchase money for certain property and to require the delivery of the property to appellant upon payment thereof. He alleged that the council of the city of Little Rock, by resolution No. 1253, ordered the sale of an abandoned light plant, which resolution was vetoed by the mayor, but was later passed over his veto. Pursuant to the authority conferred by this resolution, the property was sold, and appellant became the purchaser for the price of $10,500. He tendered

this sum to the city collector and demanded delivery of the property. The collector declined to receive the money or to deliver the property; hence this suit.

The collector declined to receive the money or to deliver the property for the reason that a petition had been filed praying that the proposed resolution be referred to the electors of the city, and the sole question presented for our decision is whether such a resolution may be referred under the I. and R. amendment, adopted at the 1920 general election. Applegate's Constitution of Arkansas, Annotated, page 203; General Acts 1919, page 481.

Petitioners for the referendum assert that authority for this proceeding is conferred by the paragraph of the amendment, which reads as follows:

"Every extension, enlargement, grant, or conveyance of a franchise, or any rights, property, easement, lease, or occupation of or in any road, street, alley or any part thereof in the real property or interest in real property owned by municipalities, exceeding in value three hundred dollars, whether the same be by statute, ordinance, resolution, or otherwise, shall be subject to referendum, and shall not be subject to emergency legislation."

Learned counsel say they have been unable to find any other State Constitution containing a similar provision to assist us in its interpretation; and we have been unable to find any decision construing any constitutional provision sufficiently similar to ours to cover the exact point raised by this appeal.

In support of the prayer for mandamus, it is insisted that the amendment is not applicable to such an administrative act as that of the resolution in question under which the property was sold, and that, if applicable to such resolutions, it does not apply to sales of personal property, but applies only to sales of real property. We do not concur in this view. The amendment, to be properly construed, must, of course, be read in its entirety— as a whole; and, when so read, we find that the people of the State, or of any county, city or town, are author-

ized to initiate and refer measures in the manner there provided. Another paragraph of the amendment defines the word "measure" as therein employed, and this definition reads as follows:

"Definition. The word 'measure' as used herein includes any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character."

There would appear to be little question as to the inclusion of resolution No. 1253 within this definition of the word "measure," if read by itself; but it is insisted that the paragraph immediately preceding the one containing that definition and quoted above narrows and restricts this definition in the exercise of the power conferred on the electors of municipalities. The insistence is that the authority to refer ordinances and resolutions relating to the sale of municipal property is limited to real property exceeding in value three hundred dollars, and that having expressed the power to refer ordinances and resolutions relating to such real property, there was an exclusion of the power to refer ordinances and resolutions relating to personal property.

We do not agree, however, that this is the correct construction of the amendment or that the power is thus limited.

It is a matter of common knowledge that a high per cent. of the revenues of all cities and towns is expended for personal property variously employed, and, if the amendment does not apply to personal property, the council might dispose of the city's personal property unwisely and to the great damage of the city or town.

The limitation of three hundred dollars as to value is not without significance. Section 7715, Crawford & Moses' Digest, was in force when the amendment was submitted to and adopted by the people of the State. This section confers upon boards of public affairs in cities of the first class (to which class the city of Little Rock belongs) the exclusive power to make purchases of all supplies, apparatus, materials and other things requi-

site for public purposes in cities of the first class, but imposes the requirement upon the boards, where the amount of expenditure exceeds three hundred dollars, to transmit an estimate thereof to the city council with their recommendation only relating thereto. If the recommendation of the board is approved, an ordinance is passed making it the ''duty of said board to advertise and let the work or contract to the lowest responsible bidder.'' The use of the same monetary value in the amendment appears therefore to indicate the intention, to reserve to the people the right to subject to the referendum any contract disposing of city property where the value exceeds three hundred dollars.

It might, in many cases, in view of the expense of the referendum, be unwise to refer such contracts to the people. On the other hand, the existence of this power has a tendency to prevent hasty or improvident action on the part of the council. But this is a question of policy not addressed to us and may be considered by us in so far only as it tends to aid in the interpretation of the amendment.

It must be confessed that the paragraph of the amendment first above quoted is somewhat ambiguous, but, when read in connection with the paragraph immediately following in which the word ''measure'' is defined, we think the distinction cannot be made that ordinances and resolutions relating to real property may be referred, whereas ordinances relating to personal property may not, the value in each case exceeding three hundred dollars.

The prayer for mandamus was denied in the court below, and that judgment will be affirmed. It is so ordered.

HART, C.J., concurs in the judgment only; BUTLER, J., dissents.