CARPENTER *v.* CITY OF PARAGOULD.

4-5582              128 S. W. 2d 980

Opinion delivered May 29, 1939.

*Kirsch & Cathey,* for appellant.

*Jeff Bratton,* for appellee.

HOLT, J. Appellant, R. L. Carpenter, a taxpayer and a citizen of the city of Paragould, brought suit against that city, its mayor, and the members of its sewer committee.

The only record before us is the original complaint, the demurrer thereto and the final decree of the trial court overruling the demurrer and dismissing the complaint for want of equity.

Omitting formal parts, the complaint alleges: That plaintiff, appellant here, is a citizen and taxpayer within the district affected by the proposed sewerage system; that defendants are the mayor and city clerk of the city of Paragould and five other citizens, constituting the sewer committee of the city of Paragould, appointed under act 132 of the General Assembly of 1933, being §§ 9977-9990 of Pope's Digest, inclusive.

The plaintiff further alleges that said act prescribes method whereby the city of Paragould may construct and build a sewage disposal plant and issue bonds therefor, and that the city council of said city has enacted ordinance No. 502, entitled, "An Ordinance Establishing Just and

Equitable Rates or Charges for the Use of and the Service Rendered by the Proposed Sewage Disposal Plant and Improvements to the Sewerage System to be Constructed by the City of Paragould in the County of Greene, State of Arkansas, and Providing for Collection of Said Rates or Charges''; that said ordinance was introduced and placed on first reading at a special meeting of the council on December 14, 1938, at which all members of the council were present. This ordinance was read and adopted at two meetings of the city council thereafter and passed at a regular session of the council on December 29, 1938. Plaintiff alleges that said ordinance was not properly adopted.

Plaintiff further alleges that prior to the passage of said ordinance, the following notice was published in the city of Paragould in a newspaper having a *bona fide* circulation: ''Notice is hereby given that there has been introduced in the city council of the city of Paragould, Arkansas, an ordinance fixing and providing rates for services of the proposed sewage disposal plant and improvements to the sewer system for the city of Paragould:

''Minimum disposal plant charges 50 cents per month minimum; additional charge for connection located on new extension 65 cents per month.

''Any person interested may appear before said city council on the 29th day of December, 1938, at 7:00 o'clock p. m. at its usual meeting place in the city hall and be heard concerning the proposed rates. At such hearing all objections and suggestions shall be heard and said rates, either as originally introduced or as modified and amended at said meeting, will be passed.''

Subsequent to the publication of this notice, on December 29, 1938, said rate ordinance, being ordinance No. 502, was duly passed and contains the following provision as to rates:

''Section 1. There are hereby established just and equitable rates or charges for the use of and the service rendered by the project described generally in the preamble of this ordinance which shall be paid by each land-

owner whose premises are connected with and use such project by or through any part of the sewer system of the city of Paragould, Arkansas, whose premises in any way use or are served by such project (excepting vacant, unoccupied property not actually using such project), in accordance with the following schedule:

"Minimum disposal plant charges 50 cents per month.

"Minimum additional charges for connection located on new extension 65 cents per month.

"Section 2. That the minimum rate or charge for each connection, either directly or indirectly as described in Section 1 hereof to such project, shall be 50 cents per month for premises using previous connection to the system and $1.15 per month to all others."

Plaintiff further alleges that said notice and the ordinance as to rates are not sufficient and that said rate provision in said ordinance is void.

Plaintiff further alleges that after the passage of ordinance No. 502, ordinance No. 503, entitled, "An Ordinance Providing for the Construction and Operation of a Sewage Disposal Plant for the City of Paragould and Improvements to the Sewerage System Consisting of New Lateral Lines, Providing for the Issuance of Revenue Bonds Therefor, Fixing the Details in Respect of Said Bonds, and Providing for the Method of Payment Thereof, and Declaring an Emergency," was adopted. Said ordinance provides for the issuance of bonds of the city in the sum of $94,000 which, together with funds to be furnished by the United States Government, are to be used to pay costs of the construction described in the ordinance and that said ordinance was duly enacted by the city council on January 16, 1939.

It is further alleged that subsequent thereto, the sewer committee by proper resolution authorized the sale of $94,000 in sewer bonds to the United States at private sale and this resolution of the sewer committee was subsequently approved by the council.

On December 21, 1938, by resolution, the bid of H. L. Perkins in the sum of $120,205.51, to make the improve-

ments, was accepted and the sewer committee, together with the proper city officials, were directed to prepare and execute all necessary contracts relating thereto.

On January 20, 1939, a proper referendum petition was duly filed with the city clerk, seeking a referendum on ordinance No. 503 and the resolution approving the bid of H. L. Perkins for the construction of the improvements to the sewerage system and that they be referred to the citizens of Paragould for vote, and that an election be called.

The city council refused to submit by referendum to a vote of the people of the city, said ordinance No. 503 and said resolution approving the bid of H. L. Perkins, on the ground that it was without power so to do, under the Constitution and statutes of the state of Arkansas.

Plaintiff further alleges that said ordinance and resolution are of such nature that they may be submitted to a referendum vote as authorized by the Constitution and statutes of the state of Arkansas. He further alleges, notwithstanding referendum petitions have been filed with the city clerk, as aforesaid, that the mayor and council are about to sell and deliver said bonds in the amount of $94,000 to the Government at private sale and are preparing to go ahead with the construction of the sewerage system as proposed in said ordinance and that he has no adequate remedy at law for the protection of his rights herein. He then prays for an order of the court declaring ordinance No. 502 void and of no effect; that ordinance No. 503 and the resolution accepting the bid of H. L. Perkins be declared legislation of such nature as to be subject to a referendum vote, and that the court enjoin defendants from executing and delivering the bonds in question to the Government; that they be enjoined from incurring any obligation or expenses in connection with said project; that the sewer committee be enjoined from proceeding further and all proceedings under ordinance No. 503 and said resolution be stayed until the voters of Paragould shall adopt the same at an election, and for all other proper relief.

Defendants demurred to this complaint, alleging that it did not state facts sufficient to constitute a cause of

action. The court sustained this demurrer, dismissed plaintiff's complaint for want of equity, and from this judgment comes this appeal.

It is first contended by appellant that ordinance No. 502, being termed the rate ordinance, was not properly passed for the reason that it was introduced at a special meeting of the council, and that the meeting was not called for the purpose of introducing the ordinance in question. We cannot agree to this contention.

The record reflects that all members of the City Council were present and participated in the meeting when the ordinance was introduced and all members voted to place it on first reading. At a following meeting the ordinance was read a second time, and later at a regular meeting it was read the third time and passed.

In *City of Mena* v. *Tomlinson Brothers*, 118 Ark. 166, 175 S. W. 1187, this court said: "The proceedings of a special meeting duly called would be legal, if all the members had notice whether all attended or not, and when all the members of the council are voluntarily present in a council meeting and participate therein, it is a legal meeting for all purposes unless the law provides otherwise. *State Ex Rel Parker* v. *Smith*, 22 Minn. 218; *Lord* v. *City of Anoka*, 36 Minn. 176, 30 N. W. 550; *Magneau* v. *City of Freemont*, 30 Nebr. 843, 47 N. W. 280, 9 L. R. A. 786, 27 Am. St. Reports 436, 27 Cyc. 329.

"There is nothing in the statute prohibiting the passage of such an ordinance at such a meeting, and having been properly passed it is valid."

Also in *Harrison* v. *Campbell*, 160 Ark. 88, 254 S. W. 438, this court held that an ordinance passed at a special meeting of the council is valid if all the members were voluntarily present and participated in the proceedings. This rule is applicable where the business to be transacted is not of a nature entitling the public to notice thereof, as, for instance, where the right of remonstrance exists.

Appellant next contends that the notice required by Act 132 of 1933 was not sufficient to put the property

owners on notice as to the rates to be discussed at the council meeting. Again we cannot agree with appellant. We think this notice sufficient to give the property owners all the notice required under the provisions of said act 132, which provides: ". . . after the introduction of the ordinance fixing such rates or charges and before the same is finally enacted, notice of such hearing, setting forth the proposed schedule of such rates or charges, shall be given by one publication in a newspaper published in a city or town." Appellant admits that the notice set out above was in fact published ten days before the enactment of ordinance No. 502. This notice speaks for itself, and we think amply sufficient to advise the property owner how he would be affected by the proposed rates. This notice clearly specifies the rates or charges to be made, the time in which all interested parties may be heard, and we think sufficient.

Appellant finally contends that he and the other citizens of Paragould have a constitutional right to have ordinance No. 503, termed the bond ordinance, and the resolution of December 21, 1938, approving the bid of H. L. Perkins, referred to the people of that city for a vote. After a careful consideration of this record we are of the view that appellant is correct in this contention. Taking the material allegations of the complaint as true, as we must in testing it on demurrer, it is conceded that all necessary steps have been taken to compel the submission of ordinance No. 503 and the resolution of December 21, 1938, to a vote of the people of Paragould under the power of referendum conferred by Amendment No. 7 to the Constitution of Arkansas. Unless the legislation or "measures" herein sought to be referred are of that character which are not subject to referendum, then appellant's petition for injunctive relief must be granted.

Amendment No. 7 of the Constitution of Arkansas, known as the initiative and referendum amendment, provides, among other things, as follows: ". . . The initiative and referendum powers of the people are hereby reserved to the local voters of each municipality and

county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties . . .

"In municipalities and counties the time for filing· an initiative petition shall not be fixed at less than sixty nor more than ninety days before the election at which it is to be voted upon; for a referendum petition at not less than thirty days nor more than ninety days after the passage of such *measure.* by a municipal council . . .

"The word 'measure' as used herein includes any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character."

Appellees here are proceeding under authority of Act 132 of 1933, now §§ 9977-9990 Pope's Digest. The act provides the manner in which sewer projects may be constructed pursuant to ordinances passed by the city council. The improvement proposed originated in the city council itself. No petition is a condition precedent to action on the part of the city council. The action of the city council in the instant case, in enacting the ordinance and resolution in question is distinctly legislative, and not the exercise of a mere ministerial function. The council is not acting in an admistrative capacity as would be the case where a municipal improvement district is created pursuant to a petition of a majority of the property owners affected in that district. In such improvement districts created by petition of a majority of the property owners, the city council has no discretion in the matter, if all conditions precedent have been met.

The above provisions of the Constitution of Arkansas are plain, broad and unambiguous. "The . . . referendum powers of the people are hereby further reserved to the local voters of each municipality. . . . as to all local, special and municipal legislation of every character in and for their respective municipalities. . . . In municipalities the time for filing referendum petitions at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council; . . . The word 'measure' as used herein

includes any . . . resolution, ordinance, . . . or legislative proposal or enactment of any character." It will thus be noted that the right of referendum is granted to the people on legislation of every character, whether the legislation affects all or a part of the citizens of the municipality affected.

In *Southern Cities Distributing Company* v. *Carter*, 184 Ark. 4, 41 S. W. 2d 1085, wherein a referendum petition, under constitutional amendment No. 7, was filed as against a resolution of the City Council granting an increase in gas rates, and citizens who did not use gas would not be materially interested in the rates charged, this court said: "It is next insisted that the resolution granting the increase in gas rates is not subject to the referendum, but this contention is without merit. The appellant company succeeded to all the rights of the old Southwestern Gas & Electric Company for supplying and distributing gas in the City of Texarkana, the transfer to it being recognized by the ordinances of the city and by the statute, Act 248 of 1929, page 1196.

"The constitutional amendment provides: 'Every extension, enlargement, grant, or conveyance of a franchise . . . whether the same be by statute, ordinance, resolution or otherwise, shall be subject to referendum and shall not be subject to emergency legislation.'

"In *Terral* v. *Arkansas Light & Power Company*, 137 Ark. 523, 210 S. W. 139, a case involving the construction of Act 135 of 1913, relative to the fixing of rates by a public utility in the City of Arkadelphia, a petition having been filed for referendum upon the ordinance granting an increase thereof, the court held that the fixing of such rates was not an exercise of the police power within the meaning of the statute, but the granting or extension of a franchise that was subject to the referendum. This constitutional amendment expressly provides: 'Every extension, enlargement, grant or conveyance of a franchise . . . whether the same be by statute, ordinance, resolution, or otherwise, shall be subject to referendum and shall not be subject to emergency legislation'. Such language necessarily includes a reso-

lution of the City Council granting an increase of rates to the public utility for supplying and distributing gas to the people of the city under its contractual rights to do so, being but an extension or enlargement of its franchise. Moreover, such resolution is clearly included in the word 'measure' as defined in the constitutional amendment, which states: '. . . includes any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character'. Amendment also provides: 'The initiative and referendum powers of the people are hereby reserved to the legal voters of each municipality and county as to all local, special and municipal legislation of every character'.

"The making or fixing of rates is an act legislative and not judicial in kind within the meaning of this constitutional amendment." See, also, *Smith* v. *Lawson*, 184 Ark. 825, 43 S. W. 2d 544.

We have carefully examined and considered the authorities cited by appellees, but we do not think the principles announced in those cases are controlling here.

On the whole case, we conclude, therefore, that the Chancellor erred in entering a judgment sustaining the demurrer of appellees and the cause is accordingly reversed and remanded with instructions to overrule the demurrer and to proceed in accordance with this opinion.

SMITH, McHANEY and BAKER, JJ., dissent.

BAKER, J. (dissenting). I have heretofore merely noted my dissent when I have not agreed with the majority of the court. I have undertaken to express my viewpoint only when I have felt that a majority was so far in error that some protest was required as a marking place to indicate the point at which the court went wrong. The opinion of the majority in this case is erroneous. I think the error is a demonstrable one. It is not every act or ordinance of a city council that may be deemed subject to a referendum. For instance, a group of citizens in a city like Paragould, Jonesboro, Little Rock, or Hot Springs, might get together and organize for some subdivision of that city a municipal improvement district.

The council would be required to pass proper ordinances. In such instances the council would act as agent for the property owners in the particular district formed. Such ordinances that would be passed are not measures which would be subject to be referred to the voters of the entire city. It was so held in the case of *Pavement District No. 36* v. *Little,* 170 Ark. 1160, 282 S. W. 971. In such an instance as that mentioned the entire city has no interest. Nobody's rights will be affected except the property owners whose property will be assessed by the particular ordinance, and other property owners in different or other sections of the city have no right to vote thereon.

The rule is not different if the district be co-extensive with the city limits. In such a case, property-holders to the exclusion of mere electors will be affected.

The power and right of property owners to make improvements without a vote of a majority of qualified electors was decided in the case of *Snodgrass* v. *Pocahontas,* 189 Ark. 819, 75 S. W. 2d 223. Also in *McCutcheon* v. *Siloam Springs,* 185 Ark. 846, 49 S. W. 2d 1037; *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5.

The decision of the majority in this case will make it necessary perhaps for the legislature to amend the law and provide that such sub-divisions of the city, or property owners of the entire city, as may desire local improvements may not depend upon the council, but shall have the right to have a local commission within the territory affected make and declare proper rules or ordinances as agents for the property owners whose property will be taxed for the local improvement. In other words, in the case at bar the council acted in a purely administrative capacity, as legislative agents for the property owners whose property will be affected, assessed or taxed for the improvement, but not for municipality or electors generally, and such other citizens of the city have no interest therein and should not be called upon to aid in deciding matters in which the city is not involved. The bonds issued are not obligations of the municipality. The taxpayer generally will not be affected thereby and will not owe or be liable to pay one cent of principal and interest upon any bond issued.

This proceeding is under act 132 of 1933 and § 7 thereof expressly provides there shall be no liability except upon the property assessed, it being connected and receiving the service.

It is said in the case of *Monaham* v. *Funk*, 137 Ore. 580, 3 Pac. 2d 778: "The crucial test for determining that which is legislative and that which is administrative is whether the ordinance was one making a law or one executing a law already in existence."

Applying this test we find certain citizens in Paragould are asking for the application of the law whereby some improvements can be made on the sewer system and an extension made thereon with a right to tax users. The bonds to be issued will be paid from an assessment on the connected property by these people who ask the city council to apply the law to their properties and form the district. We now find an anomalous situation in which the entire electorate of Paragould is given the right to come in and vote on whether citizens interested may improve their own property and those who have no interest whatever may deny them that right.

Having stated my position I have no desire to argue it or submit authorities in regard to it. To my mind the mere statement of it establishes its soundness and the unsoundness of the position of the majority.

SMITH and McHANEY, JJ., concur in the dissent.