The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your letter requesting an opinion regarding the following question:
Should the Fayetteville City Clerk certify to the Washington County Election Commission a petition for an initiated ordinance to repeal a Fayetteville ordinance creating a central business improvement district if the petition contains the requisite number of signatures?
There are two basic problems with the initiative petition in question. First, the petition should have been a referendum petition instead of an initiative petition. "Initiative" as defined in Black's Law Dictionary is "an electoral process whereby designated percentages of the electorate may initiate legislative or constitutional changes through the filing of formal petitions to be acted on by the legislature or the total electorate." "Referendum" is defined as "reservation by people of state, or local subdivision thereof, of right to have submitted for their approval or rejection, under prescribed conditions, any law or part of law passed by a law-making body." In other words, a referendum petition is one in which the electorate is referred back to a previously passed ordinance. Therefore, it seems clear that the petition in question should have been a referendum petition rather than an initiative petition.
Second, even if the title "Initiative Petition" is regarded as a misnomer and the petition examined as a referendum petition, the petition does not raise an issue properly subject to voter referendum under Arkansas law. "[T]he right of referendum is granted to the people on legislation of every character, whether the legislation affects all or part of the citizens of the municipality affected." Carpenter v. City of Paragould, 198 Ark. 454,128 S.W.2d 980 (1939). Further examination of Arkansas case law, however, suggests that ordinances which create improvement districts are not subject to referendum. Paving District No. 36 v. Little, 170 Ark. 1160, 282 S.W. 971 (1926). This is because:
 Ordinances which the town and city councils are required to pass as the agents of property owners in any improvement district cannot properly be called municipal legislation, nor do they come within the definition of the word `measure' appearing in the amendment.
Paving District No. 36, supra.
The amendment mentioned above is Amendment 7 to the Constitution of the State of Arkansas which provides that "the word `measure' as used herein includes any bill, law, resolution, ordinance, charter, constitutional amendment on legislative proposal of any character." Arkansas case law has long held that the forming of an improvement district by the governing body of a municipality is an administrative function, not a legislative one. Eickhoff v. Street Improvement District No. 11 of Argenta, 120 Ark. 212,179 S.W. 367 (1915). Such action is, therefore, not subject to initiative and referendum under Amendment 7.
In Carpenter v. City of Paragould, supra, the court, in holding that issuance of revenue bonds was a legislative rather than an administrative function, applied the rationale used in Paving District No. 36, supra, saying:
 The council is not acting in an administrative capacity as would be the case where a municipal improvement district is created pursuant to a petition of a majority of property owners affected in that district. In such improvement districts created by petition of majority of the property owners, the City Council has no discretion in the matter, if all the conditions precedent have been met.
Also worthy of note is the case of Czech v. Baer, 283 Ark. 457,677 S.W.2d 833 (1984) wherein the Arkansas Supreme Court upheld a clerk's refusal to certify an illegal measure to the county election commission.
It is therefore the opinion of this office, based upon the foregoing, that the Fayetteville City Clerk is under no obligation to certify the petition in this instance.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.