The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion concerning the Glen Rose Fire Protection District, which according to correspondence attached to your request was created by Hot Spring County ordinance. The specific question presented by Deputy Prosecuting Attorney Richard Garrett is as follows:
 If no objection is made nor petitions presented or filed within the 30 to 60 day limit for the public hearing as set out in A.C.A. 14-284-204, may the ordinance still be referred under Amendment 7 to the Arkansas Constitution if valid petitions are presented within 90 days of the date of passage?
Although the answer to this question is not entirely clear under the applicable Arkansas Code provisions, it is my opinion that the power of referendum under Amendment 7 to the Arkansas Constitution, as further implemented by the County Government Code (A.C.A. §§ 14-14-914 through -918), in all likelihood applies to an ordinance adopted under A.C.A. §14-284-204 for the establishment of a fire protection district. Assuming, therefore, that valid petitions are in fact presented (seeinfra, p. 4-5), it is my opinion that the ordinance may be referred. Please note, however, that in accordance with A.C.A. § 14-14-915(b)(2), the referendum petitions must be filed within sixty (60) calendar days
after passage of the ordinance,[1] and not ninety days as suggested in the above question.
My conclusion that the referendum power applies is compelled primarily by the fact that, in the words of the Arkansas Supreme Court, the provisions of Amendment 7 are "plain, broad and unambiguous." Carpenter v. City ofParagould, 198 Ark. 454, 461, 128 S.W.2d 980 (1939). And as stated further in Carpenter:
 [T]he right of referendum is granted to the people on legislation of any character, whether the legislation affects all or a part of the citizens of the municipality affected.
Id.
Amendment 7 provides, inter alia, that "[t]he initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipallegislation of every character in and for their respective municipalities and counties. . . ." Ark. Const. amend. 7 ("LOCAL PETITIONS") (emphasis added). The Amendment states that the legal voters of any municipality or county may order the referendum upon any "local measures." Id. And the word "measure" is defined to include "any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal orenactment of any character." Id. under "GENERAL PROVISIONS."
Although a question arises due, I believe, to the relative uniqueness of the statutory method of establishing this fire protection district,[2]
it is my opinion that the ordinance establishing the Glen Rose Fire District is a "local measure" for purposes of Amendment 7. As was the case in Carpenter, supra (198 Ark. at 461), the proposed fire district in this instance originated in the quorum court itself. According to my information, an ordinance was adopted under § 14-284-204 establishing the Glen Rose District. The District was not established through the special election procedure under § 14-284-205 (providing for petitions of ten percent of the qualified electors within the proposed fire district boundaries requesting the establishment of a fire district, and requiring a special election within the proposed district to determine whether the district shall be established). Nor was it created by virtue of the conversion of a suburban improvement district to a fire district. See
A.C.A. § 14-284-203(3). The significance of this distinction is reflected in the following statement in Carpenter:
 The act [under which the city was proceeding with improvements to its sewer system] provides the manner in which sewer projects may be constructed pursuant to ordinances passed by the city council. The improvement proposed originated in the city council itself. No petition is a condition precedent to action on the part of the city council. The action of the city council in the instance case, in enacting the ordinance and resolution in question is distinctly legislative, and not the exercise of a mere ministerial function. The council is not acting in an administrative capacity as would be the case where a municipal improvement district is created pursuant to a petition of a majority of the property owners affected in that district. In such improvement districts created by petition of a majority of the property owners, the city council has no discretion in the matter, if all conditions precedent have been met.
198 Ark. at 461 (emphasis added).
Similarly, in this instance, the Glen Rose Fire District was established by county ordinance rather than pursuant to a petition of property owners. Under the relevant statutory scheme (§ 14-284-204), the quorum court has discretion in originating the district. It does not serve a "mere ministerial function." Carpenter, supra. Granted, the affected property owners have an opportunity to oppose the establishment of the district. A.C.A. § 14-284-204(a). I cannot conclude, however, that this renders the action of the quorum court "administrative" in nature.[3]
The fact remains that the district's formation is initiated by the quorum court rather than by the affected property owners. And I believe it may reasonably be concluded that this fact effectively distinguishes the ordinance in question (and the underlying statute) from those local ordinances which a quorum court or city council must pass upon petition of property owners. See, e.g., A.C.A. §§ 14-282-101 et seq. (petition for ambulance service improvement district); 14-322-101 et seq. (petition requesting street improvement district); 14-121-204(a) (petition for drainage improvement). See also Paving District No. 36 v. Little,170 Ark. 1160, 1164, 282 S.W. 971 (1926) (regarding inapplicability of Amendment 7 to ordinances creating improvement districts which city councils must pass as "mere agents" of property owners). The court inCarpenter, supra, noted that the city council acts in an administrative capacity in passing such ordinances following petitions. But where no petition preceded enactment of the ordinance, the court viewed the council's action as "distinctly legislative." 198 Ark. at 461.
I thus conclude that the ordinance in this instance is a legislative measure which may be referred to the voters under Amendment 7 if, as stated in Carpenter, "all conditions precedent have been met." Id. This of course ultimately requires a factual determination outside the scope of an opinion from this office. The legal requirements, however, are found in the Ark. Const. amend. 7 and A.C.A. §§ 14-14-914 through -918. Amendment 7 states in relevant part that "[f]ifteen per cent of the legal voters of any . . . county may order the referendum. . . ." Ark. Const. amend. 7 (under "LOCAL PETITIONS"). As you can see, this petition requirement differs from that under § 14-284-205, which requires a special election upon petition of ten percent of the electors within the proposed district. Amendment 7 provides further that the number of required signatures "shall be computed upon the total vote cast for . . . the office of Circuit Clerk." Id. See also A.C.A. § 14-14-914(c);compare A.C.A. § 14-284-205(a) (basing the signature requirement upon "the number of votes cast by the qualified electors within the proposed fire protection district boundaries for all candidates for Governor at the last preceding general election. . . .")
Finally, A.C.A. § 14-14-915 should also be referenced regarding other specific requirements in connection with the petitions' sufficiency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I believe that in this instance, the sixty-day period would commence from the date the ordinance is sustained, i.e., from the date of the public hearing on the ordinance. See A.C.A. § 14-284-204(a). The ordinance is not "valid" until that point Id. at subsection (a)(2)(B). Section 14-284-204 provides for the adoption of an ordinance establishing a fire district, and then a statutory period within which any objection must be made. Id. As provided in subsection (a)(2)(B): "If a majority of the qualified electors of the proposed district do not object to the establishment of the district in person or by petition [at or before the hearing], the ordinance shall be valid and the district shall be established."
[2] The procedure under which the Glen Rose District was established is one of three methods as stated in § 14-284-203: (1) by quorum court ordinance sustained at a public hearing; (2) by the county court pursuant to an election initiated by petition; or (3) by the county court pursuant to a resolution of the board of a suburban improvement district to convert to a fire protection district. See also A.C.A. § 14-284-208(a).
[3] The right of referendum under Amendment 7 is confined to legislative matters as distinguished from administrative. Chastain v.City of Little Rock, 208 Ark. 142, 185 S.W.2d 95 (1945). The usual test in this regard is whether the measure in question prescribes a new law, policy or plan, or on the other hand executes a law or plan already in existence. City of NLR v. Gorman, 264 Ark. 150, 568 S.W.2d 481 (1978).