Mr. Terry D. Jones Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 N. College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
I am writing in response to your request for my opinion concerning a possible election on a matter being considered by the Washington County Quorum Court. As background for your questions, you state that "[t]he Washington County Quorum Court is considering the issue of zoning." You then ask:
 If an election is held on such an ordinance, who is entitled to vote? Only the rural residents or every resident in the county, including those in incorporated cities? What if only part of the County is zoned?
You have cited several cases from other jurisdictions for my convenience, should I find them relevant — Let the People Votev. Board of County Commissioners of Flathead County,
120 P. 3rd 385 (Mont.Sup.Ct. 2005), Board of Supervisors v.Superior Court, 147 Cal.App.3d 206 (Cal.Ct.App. 1983), andPinellas County v. Laumer, 94 So.2d 837 (Fla.Sup.Ct. 1957).
RESPONSE
In my opinion, all legal voters of the county are entitled to vote in such an election, including residents of incorporated cities within the county, irrespective of whether the zoning ordinance is for the entire unincorporated area of the county.[1]
You have not indicated whether your questions contemplate an election on an ordinance that is referred to the voters by the Quorum Court, pursuant to A.C.A. § 14-14-905(f), or one that is brought about by the voters under Amendment 7 to the Arkansas Constitution and its relevant implementing legislation, A.C.A.14-14-914 -919.[2] In either case, however, I believe it is clear that the ordinance is to be voted on by all voters in the county, including city residents. This is in accordance with Amendment 7, as further implemented by the County Government Code (A.C.A. §§ 14-14-914 through -919). Amendment 7 amended Article5, Section 1 of the Arkansas Constitution and is commonly referred to as the Initiative and Referendum Amendment. Kyzar v.City of West Memphis, 360 Ark. 454, ___ S.W.3d ___ (2005). It provides in pertinent part as follows with respect to "local legislation":
 The initiative and referendum powers of the people are hereby further reserved to the legal voters of each . . . county as to all local, special and municipal legislation of every character in and for their respective . . . counties. . . . General laws shall be enacted providing for the exercise of the initiative and referendum as to counties. Fifteen percent of the legal voters of any . . . county may order the referendum . . . upon any local measure.
Ark. Const. art. 5, § 1.
The word "measure" is defined by Amendment 7 to include "any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character."Id.[3]
Amendment 7 unambiguously extends the power of referendum to the "legal voters of each . . . county." The implementing legislation also bears on your question wherein it states with regard to the petition process:
 The qualified electors of each county may initiate and amend ordinances and require submission of existing ordinances to a vote of the people by petition if signed by not less than fifteen percent (15%) of the qualified electors voting in the last general election for the office of circuit clerk, or the office of Governor where the electors have abolished the office of the circuit clerk.
A.C.A. § 14-14-914(c) (Repl. 1998).
I believe it reasonably follows from this language that all qualified electors in the county are entitled to vote in a referendum election held pursuant to Amendment 7. Further bolstering this conclusion is the following form of a "petition for referendum" as prescribed in relevant part by the general election law:
 "We, The undersigned legal voters of the . . . ___________ County, Arkansas, . . . respectfully order by this, our petition, that . . . Ordinance No. _____, passed by the county quorum court . . . of the . . . County of _____, Arkansas, . . . entitled, `An Ordinance _____,' be referred to the people of said . . . county . . . to the end that the same may be approved or rejected by the vote of the legal voters of the . . . county. . . ."
A.C.A. § 7-9-105(a) (Supp. 2005) (emphasis added).
It seems clear, moreover, that all of the county electors have a vote, notwithstanding a county zoning ordinance's application to the unincorporated area of the county or a discrete portion thereof (see n. 1, supra). Cf. Carpenter v. City ofParagould, 198 Ark. 454, 462, 128 S.W.2d 980 (1939) (stating with regard to a referendum election on a city ordinance involving a sewage system that "the right of referendum is granted to the people on legislation of every character, whether the legislation affects all or a part of the citizens of the municipality affected.")
The same conclusion regarding a countywide vote applies, in my opinion, with respect to a zoning ordinance referred to the electors by the Quorum Court. Subsection 14-14-905(f) governs the manner and procedure by which an ordinance may be referred to the electors for their acceptance or rejection. It states in relevant part:
 (A) Any ordinance enacted by the governing body of any county in the state may be referred to a vote of the electors of the county for approval or rejection in the manner and procedure prescribed in Arkansas Constitution, Amendment 7, and laws enacted pursuant thereto, for exercising the local initiative and referendum.
 (B) The manner and procedure prescribed therein shall be the exclusive method of exercising the initiative and referendum regarding these local measures.
A.C.A. § 14-14-905(f)(2) (Supp. 2005).
This language, like that of Amendment 7 according to the Arkansas Supreme Court, is "plain and unambiguous." Carpenter, supra,198 Ark. at 461. It simply leaves no room for interpretation. In response to your particular question, therefore, it is my opinion that Amendment 7 and its implementing legislation dictate a vote by all of the county electors, including city residents, on a referred legislative zoning ordinance, whether referred by the quorum court or by petition of the electors, irrespective of whether the ordinance applies to all of the unincorporated area of the county.
Regarding the cases you have cited, the Florida and Montana decisions are inapposite, in my view, as they involve statutory or constitutional provisions that are clearly distinguishable from Ark. Const. amend. 7 and its implementing legislation. The California case appears to involve a somewhat similar issue involving the participation of residents of incorporated areas in county zoning decisions where the county zoning power operates only in the unincorporated areas of the county. See Board ofSupervisors v. Superior Court, supra, 147 Cal.App.3d at 211. However, because I conclude that our court would look no further than Amendment 7 and its implementing legislation, I find it unnecessary to discuss the California court's approach to the issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] I note that a quorum court is specifically "empowered to initiate its own planning and zoning laws[.]" A.C.A. §14-14-807(4) (Repl. 1998). I also note that a zoning ordinance may apply to "all or part of the unincorporated area of the county[.]" A.C.A. § 14-17-209(a) (Repl. 1998).
[2] Subsection 14-14-905(f), the authority upon which the Quorum Court may rely for referring measures to the voters, provides that the procedure for such elections is to be that which is required under Ark. Const. amend. 7 and the law that has been enacted pursuant to Amendment 7. See A.C.A. § 14-14-905(f) (2) (Supp. 2005).
[3] As suggested by this definition, the right of referendum under Amendment 7 is confined to legislative, as distinguished from administrative, action. See Summit Mall Co. v. Lemond,355 Ark. 190, 132 S.W.3d 725 (2003); Camden Cmty. Dev. Corp. v.Sutton, 339 Ark. 368, 5 S.W.3d 439 (1999); Chastain v. City ofLittle Rock, 208 Ark. 142, 185 S.W.2d 95 (1945). The usual test in identifying legislative action is "whether the proposition is one that makes new law or, rather, executes a law already in existence." Summit Mall Co., supra, 355 Ark. at 201, citingGregg v. Hartwick, 292 Ark. 528, 731 S.W.2d 766 (1987) andGreenlee v. Munn, 262 Ark. 663, 559 S.W.2d 928 (1978). In the particular area of zoning, it seems clear that the action taken by local officials may be legislative in nature. See, e.g.,Summit Mall Co., supra. Because your question appears to assume that an election could properly be held on the unidentified prospective zoning ordinance, and because you have not suggested there is any issue in this regard, I will not discuss this matter further.