

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Paul L. Boynton, President
Stephen F. Austin State Teachers College
Nacogdoches, Texas

Dear Sir:          Opinion No. O-6140
                   Re: Construction of items for "Maintenance
                   and Equipment" and "Improvements and
                   Miscellaneous Repairs" as used in Ap-
                   propriation Bill for Stephen F. Austin
                   State Teachers College.

   We acknowledge receipt of your opinion request reading
as follows:

   "Senate Bill No. 333 acts of the Forty-eighth
Legislature, and act fixing appropriations for
educational institutions of higher learning, etc.,
contains the following items applicable to the
Stephen F. Austin State Teachers College, Nacogdoches.

   "Line 72 'Maintenance and Equipment $18,019'
for each year of the biennium, and line 73
'Improvements and Miscellaneous Repairs $2,500'
for each year of the biennium.

   "We shall appreciate your advice on the following:

   "1. The college has contracted to repaint
certain portions of its classroom buildings. May
vouchers for such painting be properly drawn a-
gainst the appropriation for maintenance and equip-
ment?

   "2. May vouchers for such plastering of walls,
together with subsequent repainting, be properly
drawn against the appropriation for maintenance
and equipment?

   "3. May vouchers for sanding floors, together
with subsequent refinishing, be properly drawn a-
gainst the appropriation for maintenance and equipment?

   "4. In case the answers to questions 1, 2 and/
or 3 are affirmative, and vouchers are properly

chargeable to the appropriation for Maintenance and Equipment, would items such as roof repairs and re-arrangement of the President's home, and repairs to the Home Economics Practice House, which requires a repainting job in connection therewith, be properly chargeable against the appropriation for 'Improvement and Repairs'?"

That portion of the appropriation bill for Stephen F. Austin State Teachers College for the biennium beginning September 1, 1943 and ending September 1, 1945, involved in your inquiry reads as follows:

"72. Maintenance and Equipment. . . .$ 18,019.00   $ 18,019.00

Total Salaries, Summer School,
Maintenance and Equipment. . . .$202,599.00   $204,939.00

Improvements, Repairs and Buildings

"73. Improvements and Miscellaneous
Repairs. . . . . . . . . . . . . 2,500.00      2,500.00

Total Improvements, Repairs and
Buildings. . . . . . . . . . . .$2,500.00     $2,500.00

Section 6 of Article VIII of the Texas Constitution provides that:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law."

This provision requires specificness as to purpose as well as to amount.

If the appropriation bill provided only for "maintenance and equipment" under Item 72 and omitted Item 73 altogether, we would have no hesitancy in saying that all items of expense which you inquire about could be properly paid out of Item 72 as maintenance. It has been held that "equipment" and "maintenance" are not synonymous. Neal v. City of Morrilton, 92 S.W. (2) 208, 209, 192 Ark. 450. It has been held that the term "maintenance" of schools does not include the cost of the construction of school houses. Love v. Rockwell Independent School Dist., Civ. App. 194 S.W. 659. The word "maintain" is ordinarily held to include "repairs" when there has been no separate provision made for repairs. Words & Phrases, Permanent Edition, Vol. 26 pp. 62 to 68. When both words are used in different connections in the same legislative act, it is presumed that the legislature must have had a reason for their separate use. 30 Tex. Jur. 196, 202. This pre-

sumption is especially strong when, as in your inquiry, an appropriation is made for "maintenance" and a still different appropriation is made for "miscellaneous repairs" in the same bill. Under such circumstances our only recourse is to find a difference in meaning between the words. The word "maintenance" is a broad term. Neal v. City of Morrilton, 92 S.W. (2d) 208. In Webster's New International Dictionary, Second Edition, the definition of maintain is "to hold or keep in any particular state or condition, especially in a state of efficiency or validity; to support, sustain, or uphold; to keep up; not to suffer to fail or decline". The definition of repair is "to restore to a sound or good state after decay, injury, dilapidation or partial destruction."

Under the limited facts that you give us in your letter, we are of the opinion that your first three questions should each be answered in the affirmative. We are also of the opinion that your fourth question should be answered in the affirmative.

Our answer to your question No. 2 is based on the assumption that "such plastering of walls, together with subsequent repainting" is being done in order that the original walls may be preserved. Our answer to your third qusetion is likewise based on the assumption that the sanding and refinishing of the floors is to preserve the original floors and thus to maintain the building as a useable part of the physical plant.

Our ruling is that the nature of the work done will in each instance determine whether the cost is payable out of "maintenance and equipment" (Item 72) or "improvements and miscellaneous repairs" (Item 73). This is necessarily a fact question and not a question of law. We cannot hold that the legislative intent in appropriating a small sum for "improvements and miscellaneous repairs" is that the cost of all upkeep of the physical properties of the school plant involved should be payable only out of such fund. There are two reasons for refusing to apply the rule "expressio unius est exclusio alterius" to this situation. We know from examination of the 1941 appropriation bill for the same institution that heretofore the upkeep of the physical plant has been provided for under the item of "maintenance and equipment". Also, we observe that in that appropriation bill the item for "maintenance and equipment" is almost ten times as large as the item for "improvements and miscellaneous repairs" as provided for in the 1943 appropriation bill. The 1941 Legislature appropriated $23,929.00 annually for "maintenance and equipment" for Stephen F. Austin State Teachers College for the years ending August 31, 1942, and August 31, 1943, and nothing for "improvements and miscellaneous repairs." We are informed that under the prior appropriation bill the cost of upkeep for

the physical plant known as Stephen F. Austin State Teachers College has been paid out of the appropriation for "maintenance and equipment" heretofore mentioned. We know from common knowledge that the current appropriation of $2,500.00 for "improvements and miscellaneous repairs" at Stephen F. Austin State Teachers College is wholly inadequate to defray the cost of upkeep of the physical plant of that institution for any one year. Rather than ascribe to the Legislature an intention which is contrary to fact we believe that prior appropriation bills for this institution as well as the physical properties to be benefitted by this appropriation may be looked to for determining the legislative intent in the current bill. This is the rule applicable to the construction of other legislative acts and we know of no reason why it should not have application here. The rule is stated in Texas Jurisprudence as follows:

> "In construing ambiguous phraseology or conflicting statutory provisions resort maybe had not only to the language of the particular act and that of other acts in pari materia, but also to circumstances attending its passage which bear upon the legislative intention. . . . And so when necessary to a correct understanding and interpretation of a statute, the court will take into consideration the state of the law at the time of its enactment, the conditions designed to be dealt with, the good intended to be accomplished and the mischief sought to be prevented or remedied. Furthermore, the subject-matter of the enactment and the necessity or occasion for it are also proper subjects of judicial consideration." 39 Tex. Jur. 214, 215, 216.

When thus viewed we are unable to say that the 1943 legislature intended that no part of the $18,019 annual appropriation for "maintenance and equipment" for Stephen F. Austin State Teachers College should be used for upkeep of the physical plant of that institution. We, therefore, hold that only those items of upkeep which are clearly for the purpose of restoration and improvements in the sense of adding to already existing facilities should be paid out of Item 73 and all other items of cost for upkeep should be paid out of Item 72.

Trusting that the foregoing will aid you in passing on these accounts, according to your best judgment, as and when they are presented to you, we are

Hon. Paul L. Boynton, page 5          O-6140


                          Yours very truly

                     ATTORNEY GENERAL OF TEXAS


                          By s/Fagan Dickson
                            Fagan Dickson
                              Assistant

FD:BT:wc


APPROVED NOV. 16, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference