The Honorable David Choate State Representative 709 N. Main Beebe, Arkansas 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion on whether a particular ordinance passed by the Beebe City Council is subject to a referendum by the voters of the City.
Specifically, you indicate that in November of 1992, the City of Beebe, by Ordinance 92-11, granted an exclusive franchise to a private firm for the collection, hauling, and disposal of solid wastes. On October 20, 1993, the City signed a contract with the firm to provide those services for a period of three years. The contract set the rates that the firm would charge for each type of solid waste collection and provided that the City of Beebe would be responsible for paying the total amount due to the private firm monthly. The City, under the contract, would presumably collect fees from city residents to defray the City's liability under the contract, although nothing in Ordinance 92-11 or the agreement indicates this fact. You note, however, that from the inception of this contract, the amount the City has been charging city residents has been less than the amount per resident paid by the City to the firm. Apparently the rates for City solid waste collection which were set in 1984 by ordinance (long before the City entered into the private contract) and which were reduced by City "resolution" in 1986, continued to be the applicable rates charged and collected by the City even after the private firm began collection, and began charging the higher rates to the City. As you note, this resulted in a subsidy from City funds. In August, 1995, the City Council passed Ordinance 95-21 which raised the rates for solid waste collection to the actual rates charged by the private firm under the contract, thus ending the subsidy from other City funds. Your question in this regard is as follows:
 Would the adoption of the 1995 ordinance (No. 95-21) be considered an administrative action merely executing the 1993 contract, or a legislative action and therefore subject to referendum? Accordingly, would such a referendum vote be legal and binding?
It is my opinion that the ordinance in question, Ordinance 95-21, is a legislative action which is subject to referendum, and that the vote on such a referendum, assuming compliance with all other election requirements, would be legal and binding.
Amendment 7 to the Arkansas Constitution gives the electors of municipalities the power to refer to the voters "all local, special and municipal legislation of every character. . . ." Amendment 7 ("Local Petitions"). It has been stated, however, that "[n]ot all ordinances enacted by City Councils come under the head of `municipal legislation.' City governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." Scroggins v. Kerr, 217 Ark. 137, 228 S.W.2d 995 (1950). The test to determine whether a matter is "municipal legislation" or mere administrative action was reiterated in City of North Little Rock v.Gorman, 264 Ark. 150, 568 S.W.2d 481 (1978), as follows:
 It is well settled that the test resorted to in determining whether any bill, law, resolution or ordinance is legislative or administrative is to determine whether the proposition is one that makes new law or to execute [sic] a law already in existence. The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body. . . .
264 Ark. at 157-158.
The Arkansas Supreme Court in the Gorman case held that an ordinance of the City of North Little Rock setting electric rates for its citizens was legislative in character and thus was subject to the people's right of referendum. Justice Fogleman, in a concurring opinion, noted that "[r]ate making for a franchised utility has always been considered to be a legislative function." Id. at 160, citing Lawrence v. Jones,228 Ark. 1136, 313 S.W.2d 228 (1958). Justice Fogleman might well have also cited Southern Cities Distributing Company v. Carter, 184 Ark. 4,41 S.W.2d 1085 (1931), wherein it was held that an ordinance setting the rates for gas in the City of Texarkana was subject to the people's referendum power, stating: "[t]he making or fixing of rates is an act legislative and not judicial in kind within the meaning of [Amendment 7]." The court in Southern Cities also made reference to another provision of Amendment 7. It states that "[e]very extension, enlargement, grant, or conveyance of a franchise . . . whether the same be by statute, ordinance, resolution or otherwise, shall be subject to referendum and shall not be subject to emergency legislation." The court in Southern Cities noted a previous case, Terral v. Arkansas Light Power Co.,137 Ark. 532, 210 S.W. 139
(1919), which the court thought implied that an increase in rates was equivalent to an extension or enlargement of the franchise of such a utility. The court in Southern Cities thus held the Texarkana gas rate increase ordinance subject to referendum.
It is my opinion, in light of all the case law cited above, that Ordinance 95-21 of the City of Beebe is "municipal legislation" and is subject to the people's right of referendum. It is my opinion that the ordinance is "new legislation" and does not seek merely to execute the 1993 contract as your question suggests. Some additional discussion is necessary on this point. In issuing the opinion in Scroggins v. Kerr,supra, Justice Leflar noted a reason for the test of determining legislative versus administrative actions of city councils. He noted that:
 Similarly, if there is a law already enacted which authorized the very action provided for by a later resolution or ordinance, then there is no right to have a referendum on the new measure. It is not a new law, but only a procedural device for administering an old law. The right of referendum should have been exercised when the original measure, the enactment that put the law on the books, was newly adopted.
Id. at 145.
The 1992 ordinance authorized the Mayor and the City Clerk to enter into the exclusive franchise agreement (which was attached to the ordinance). The agreement set the rates the City was to pay to the private firm for various types of solid waste collection. The agreement also set out some details and requirements for a rate increase, but expressly reserved to the City of Beebe the right to ratify any and all adjustments in the rate or the amount paid to the private firm. See Agreement at 12.01(b). Thus, the City expressly reserved for itself the right, by future legislative action, to set the rates for solid waste collection. Cf. City of NorthLittle Rock v. Gorman, supra. I cannot conclude, in light of this fact, that Ordinance 95-21's rate increase was merely an execution of the 1992 ordinance and appended agreement. Neither can I conclude, based upon these factors, that the citizens of Beebe should have exercised their referendum powers with reference to the 1992 ordinance and appended agreement, or were thereafter forestalled from exercising them as to any future rate increases.
It is my opinion, therefore, that Ordinance No. 95-21 is subject to referendum, and that a vote on such measure, assuming compliance with all other laws governing the exercise of the referendum, would be lawful and binding.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh