MENA v. SMITH.

Opinion delivered October 30, 1897.

MUNICIPAL ORDINANCE — LICENSE TAX. — No power to pass an ordinance requiring a license for carrying on the business of jeweler within its corporate limits is expressly or impliedly conferred by statute upon incorporated towns in this state, nor is it one of those inherent powers essential to the existence or good government of such corporations.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

The appellant, *pro se.*

A town council has power to pass an ordinance requiring parties engaging in trade or business to pay a license. Const. Ark. art. 11, § 23. The constitutional provision as to revenue applies only to state revenues, and not those imposed by the proper municipal authorities for municipal purposes or police regulation. 13 Ark. 761-2. Avocations and pursuits may be taxed. 33 Ark. 442-3-4. Sec. 4, art. 12, Constitution of Arkansas, does not apply to licenses for the privilege of carrying on trade or business. 42 Ark. 160; Cooley, Taxation, 51; 46 Ark. 471; 58 Ark. 609-10-11-12.

*J. C. Byers,* for appellee.

The tax is in violation of civil liberty. Teideman, Lim. Pol. Powers, 286, 290. The ordinance is *ultra vires.* Sand. & H. Dig., 51, 30; 27 Ark. 467; 31 Ark. 462; Horr & Bemis, Mun. Pol. Ord. § 16, p. 18; Anderson's Law Dictionary; Dillon, Municipal Corp.; 17 Am. & Eng. Enc. Law, 249; Cooley, Const. Lim. 227. The right of municipal corporations to tax exists only by delegation from the state. 47 Miss. 367; 13 Va. 78–98; 5 Md. 383, 393; 19 Wis. 624; art. 16, § 5, Constitution Ark. An ordinance imposing a tax for revenue, and not for purposes of regulation, is not valid. 34 Ark. 603; 43 Ark. 382; 52 Ark. 301; 55 Ark. 370; Beach, Pub. Corp. § 512, p. 518, vol. 1, §§ 90–91, 105–6. Different rules apply to ordinances of cities of the first class and those of

incorporated towns.  The cases in 46 Ark. 471, and 42 Ark. 152, apply to cities of the first class.

WOOD, J.   The incorporated town of Mena passed an ordinance requiring those who desired to follow the occupation of jeweler within the corporate limits of the said town first to pay a license in the sum of ten dollars, and subjecting those who carried on said business without paying said license to a fine of not more than $25.   The appellee was convicted before the mayor of said town for a violation of the aforesaid ordinance, and fined in the sum of $10.   On appeal to the circuit court the cause was heard upon demurrer to the charge, and the court rendered judgment dismissing the case and discharging appellee, whereupon the town appealed.

The power to pass this ordinance is not expressly conferred by statute; it is not necessarily or fairly implied from the powers expressly granted; nor is it one of those inherent powers essential to the existence or good government of such corporations.   The ordinance, therefore, is *ultra vires* and void. Dill. Mun. Corp. § 89 (55), and authorities cited; Sand. & H. Dig., §§ 5130 to 5150; 13 Am. L. Reg. 632; *ex parte* Martin, 27 Ark. 467; *Tucker* v. *Town of Waldron*, 31 Ark. 462; Cooley, Tax. p. 678; *Ould* v. *City of Richmond*, 23 Gratt. 464; Horr & Bemis, Mun. Police Ordinances, § 15.

Affirm.