CUMNOCK v. LITTLE ROCK.

Opinion delivered May 4, 1925.

1. CONSTITUTIONAL LAW—ISSUANCE OF BONDS—SELF-EXECUTING AMENDMENT.—Constitutional amendment No. 11, authorizing counties, cities and towns to issue bonds to pay outstanding debts, and providing for a tax levy not exceeding three mills until the indebtedness is paid, *held* to be self-executing.

2. CONSTITUTIONAL LAW—ISSUANCE OF BONDS—VALIDITY OF ORDINANCE.—Where an ordinance was passed providing for the issuance of bonds by a city to pay outstanding indebtedness, as authorized under amendment No. 11, which was self-executing, it was immaterial whether the enabling act of March 30, 1925, was in force.

3. MUNICIPAL CORPORATIONS—PROCEEDING FOR SALE OF BONDS.—A proceeding by a city to sell bonds to pay outstanding indebtedness under amendment No 11 *held* not in conflict with the provisions of the enabling act of March 30, 1925.

4. MUNICIPAL CORPORATIONS.—In proceedings by a city for issuance of bonds to pay outstanding indebtedness, a taxpayer may not

complain that bids for such bonds were received on the day following the day advertised for such purpose.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Isgrig & Dillon,* for appellant.

*A. Boyd Cypert,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

McCulloch, C. J. Proposed amendment No. 11, prohibiting counties, cities and towns from making contracts or allowances in excess of the revenues for the current fiscal year, was declared adopted under the decision of this court in *Brickhouse v. Hill,* 167 Ark. 513, and it contains a proviso authorizing counties, cities and towns to issue bonds for funds to pay debts outstanding at the time of the adoption of the amendment. The proviso reads as follows:

"Provided, however, to secure funds to pay indebtedness outstanding at the time of the adoption of this amendment, counties, cities and incorporated towns may issue interest-bearing certificates of indebtedness or bonds with interest coupons for the payment of which a county or city tax, in addition to that now authorized, not exceeding three mills, may be levied for the time as provided by law until such indebtedness is paid."

Pursuant to this amendment, the city council of Little Rock passed an ordinance authorizing the mayor, city clerk and board of public affairs to contract for the sale of bonds to secure funds with which to pay existing indebtedness. After the passage of the ordinance, notice was given for receiving competitive bids on March 31, 1925, for the issuance of bonds. Bids were received on the day mentioned, but there was an adjournment over to the next day and additional bids were received, and a contract was entered into for the sale of bonds. Appellant, as a citizen and taxpayer, instituted this action in the chancery court to restrain the performance of the contract by the issuance of bonds.

The General Assembly enacted an enabling statute putting the amendment into force, in "any city of the first class which has taken proceedings and published notice of sale to issue bonds." Act 292, session 1925. This statute contains what purports to be an emergency clause and was approved by the Governor on March 30, 1925, which, it will be observed, was after the passage of the ordinance by the city council authorizing the issuance of bonds and one day before the advertised day for receiving bids. The contention of appellant is that amendment No. 11 is not self-executing, that the emergency clause was not properly attached to the bill, and that an emergency was not sufficiently expressed in the clause, and that, even if the statute went into full force and effect on the day it was approved by the Governor, the proceedings of the city council prior thereto were void.

The first question presented, and the one which we think is determinative of the present case, is whether or not the proviso in the amendment relating to the issuance of bonds by counties and municipalities is self-executing. We therefore confine the decision, so far as concerns the effect of the amendment, to that question alone.

In the case of *Griffin* v. *Rhoton,* 85 Ark. 89, we quoted from Judge Cooley the following test: "A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law." Cooley's Const. Lim. (7th. ed.) p. 121. We decided in that case, in an analysis of a certain provision of the Constitution in regard to limitation upon salaries of public officers, that it was not self-executing. In the case of *Arkansas Tax Commission* v. *Moore,* 103 Ark. 48, we held that the initiative and referendum

amendment adopted in 1910 was self-executing, and in reaching that conclusion the opinion quoted with approval Judge Cooley's test, the same as in *Griffin* v. *Rhoton, supra*. In addition to that, we quoted with approval the following language from the Supreme Court of Minnesota in *Willis* v. *Mabon*, 48 Minn. 140:

"The question in every case is whether the language of a constitutional provision is addressed to the courts or the Legislature—does it indicate that it was intended as a present enactment, complete in itself as definitive legislation, or does it contemplate subsequent legislation to carry it into effect? This is to be determined from a consideration both of the language used and the intrinsic nature of the provision itself. If the nature and extent of the right conferred and of the liability imposed are fixed by the provision itself, so that they can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the Legislature for action, then the provision should be construed as self-executing * * *."

Applying those tests to the present case, we are of the opinion that the proviso in amendment No. 11 is self-executing. Its language satisfies each of the above tests prescribed for a self-executing provision. It "supplies a sufficient rule by means of which the right given may be enjoyed and protected," and it does not merely indicate principles "without laying down rules by means of which those principles may be given the force of law." The proviso, in unmistakable terms, confers powers upon counties, cities and incorporated towns, power to issue "interest-bearing certificates of indebtedness or bonds with interest coupons" to secure funds to pay indebtedness outstanding at the time of the adoption of the amendment, and it also authorizes an additional levy of taxes not exceeding three mills, "until such indebtedness is paid." The limitation upon the power to issue bonds is fully stated in the proviso itself,

and the power is completely conferred without any additional legislation. The county courts and municipal authorities were already clothed with complete authority over the levying of taxes and the control of their financial affairs with the constitutional prohibition against the issuance of interest-bearing evidences of indebtedness and levying a tax in excess of five mills. So the effect of this proviso was to remove those restrictions to a certain extent and to permit counties and municipalities to exercise those powers for the purpose of raising funds to pay indebtedness outstanding at the time of the adoption of the amendment. The words, "as provided by law," refer to levying of additional taxes and not to the exercise of the power of issuing bonds. The power to levy taxes was already provided for, and the authority to levy additional taxes being conferred, the language just quoted had reference to the method of levying taxes.

Our conclusion is that the proviso is self-executing and that additionl legislation is unnecessary, and it is therefore unimportant to inquire whether or not the enabling act passed by the Legislature was in force at the time, unless it is found that the proceedings for the sale of the bonds are in conflict with some provision of the statute. We do not find any such conflict.

It is contended that the statute requires an advertisement for bids, and that this necessarily implies that the bids must be received on that day and negatives any authority to adjourn over to another day. This argument is, we think, unsound, even if it be conceded that the statute requires advertisement for the receipt of bids on a particular day. There is certainly nothing in the statute which, expressly or by implication, prohibits adjournment from the advertised day over to the next day for the purpose of receiving bids. Such a postponement would not, in any event, affect the validity of a bond issue, and a taxpayer would have no right to intervene for the purpose of preventing the issuance of bonds

on that ground unless it be shown that an actual loss may result.

The decree of the chancery court was correct, and the same is affirmed.

HART, J., (dissenting)   I agree to the general rule of law that a constitutional provision may be said to be self-executing when it takes immediate effect, and ancillary legislation is not necessary to the enjoyment of the rights given.   The reason is that, if a constitutional provision is complete in itself, it executes itself.

Tested by this rule, the proviso of section one of amendment No. 11 is not in my opinion self-executing. The proviso is in effect an independent provision of the section and necessarily requires legislation of some sort to put it into effect.   When it comes to issuing bonds under the proviso, legislation is required to provide what length of time they shall run, what rate of interest they shall bear, who is to execute them, whether they shall be sold privately or at public auction, in what denominations they shall be issued for, and whether they shall be sold below par, etc.

It is claimed that these matters are provided for by existing acts of the Legislature and ordinances of the city.   The fact that it is necessary to supplement the proviso by acts of the Legislature or ordinances of the city council in order to carry it into effect shows that the proviso in question is not self-executing.   *Lanigan v. Gallup,* 17 N. Mex. 627, 131 Pac. 997.

It is well settled in this State that counties, cities and towns or municipal corporations are created by the Legislature and derive all their powers from it unless otherwise provided by the State Constitution.   *Eagle v. Beard,* 33 Ark. 497, *Harrison v. Campbell,* 160 Ark. 88.

Having reached the conclusion that the proviso is not self-executing, it becomes necessary for me to pass upon the validity of the act of the Legislature of 1925 attempting to put proviso in question in operation.   Section six provides that the act is immediately necessary for the

preservation of the public peace, health and safety and that the same shall take effect and be in force upon its passage.

The reason given that it is declared an emergency is that by reason of the heavy indebtedness hanging over many cities of the first class, they will be unable to procure proper facilities for the extinction of fires, proper police protection, and proper safeguards for the public health. This declaration on the part of the Legislature is a mere conclusion on its part. By an amendment to the Constitution of the State adopted on the 11th day of November, 1920, the limitation upon the legislative power in declaring an emergency to exist is made. The section specifically provides that it shall be necessary to state the facts which constitute the emergency allowing the Legislature to put an act into immediate effect. The mere fact that cities and towns are largely in debt contains no statement of the facts of an emergency.

I do not think that the legislative declaration of an emergency is final under the provision of the Constitution referred to and am of the opinion that its action is subject to judicial review. The authorities on both sides of the question are cited in a case note to *Payne* v. *Graham,* 118 Me. 251, 7 A. L. R. 516.

The public importance of the question prompts me to voice my dissent in writing.