## NEAL *v.* CITY OF MORRILTON.

4-4305

Opinion delivered March 23, 1936.

*Harry B. Colay,* for appellant.

*E. A. Williams* and *Strait & Strait,* for appellees.

BAKER, J. This suit filed by appellant Neal, as a citizen and taxpayer of the city of Morrilton, was brought to enjoin the city of Morrilton and its officers from making sale and delivery to the United States Government of bonds issued for the purpose of procuring a municipal hospital in said city. The appellant contends that ordi-

nance No. 400, passed by the council of the city of Mor-
rilton,. is void, and that the proceedings thereunder, in
contemplation of the issuance and sale of said bonds, are
also void. To the complaint filed in this case, a demurrer
was sustained and the complaint was dismissed. The ap-
peal therefore presents to us the question of sufficiency of
the complaint. Only the pertinent portions of the com-
plaint will be set out for discussion.

The city of Morrilton, as a city of the second class,
entered into a loan and grant agreement with the U. S. A.,
acting by and through the Federal Emergency Adminis-
tration of Public Works, under the terms of which agree-
ment the United States agreed to purchase $55,000 in
bonds of the city to be issued pursuant to amendment
No. 13 to the Constitution of Arkansas, and to make a
grant to the city of an amount not to exceed $20,000, the
proceeds of said loan and grant to be used for the con-
struction and equipment of a municipal hospital, the cost
of equipment to be paid solely from said grant. The
plaintiff alleged that various proceedings had been com-
pleted whereby the bonds of the city of Morrilton were
tentatively sold to the U. S. A. Contracts had been let
for the construction and equipment of a municipal hos-
pital, subject to the approval of the U. S. A., acting
through the P. W. A.; that an annual levy had been
made by the city of Morrilton, duly certified to the quorum
court of Conway County, and by it levied and ordered
extended upon the tax books upon the real and personal
property within the corporate limits of the city of Mor-
rilton. Plaintiff also alleged that the enactment and pas-
sage of an ordinance providing for an election, and the
proceedings had subsequent thereto, done and performed
with reference to the issuance of bonds therefor, the elec-
tion thereon, the construction and equipment contracts,
the levying of an annual millage tax for the payment of
the bonds and interest, and the acts of the city council of
the city of Morrilton with reference thereto, were illegal,
void and of no effect for the reasons set out in the com-
plaint. Plaintiff pleads that subsequent to the passage of
ordinance No. 400, the mayor of the city of Morrilton,

pursuant to authority expressed and set forth in said ordinance, called a special election for November 8, 1935, for the purpose of determining by vote of the qualified electors of said city, the question as to whether or not the city of Morrilton should issue and sell bonds to raise funds to obtain a site for, and construct and maintain a municipal hospital. It is alleged that said ordinance and notice in providing that bonds shall be issued for the "maintenance" of municipal hospital is not authorized by said amendment No. 13, and said ordinance and notice thereunder are void and of no effect on that account. Said notice conformed to the ordinance which provided for the construction and maintenance of such hospital. The ballot, however, prepared for the said election and used by the electors was not in conformity to the said ordinance or notice of the election, but provided for the purchase of a site, construction and equipment of the hospital.

There are other matters in the complaint suggested as being illegal. It is unnecessary, however, that we set these out or discuss them since we are agreed upon one of the material allegations, which we are impelled to hold is fatal to the further progress of the enterprise under ordinance No. 400.

Amendment No. 13, 184 Ark. XXXI, is the only authority upon which the city of Morrilton might proceed for the construction and equipment of a hospital. Without quoting the entire paragraph, that portion of it relative to the matter under consideration provides: "for the purchase of sites for construction of and equipment of * * * hospitals, etc." This is the sole authority upon which the city might proceed. Municipalities derive their powers from the Constitution and the statutes. They may act legally only within those delegated powers. It is true that we have sometimes said that certain power and authority may be implied, but a power necessarily implied is a delegated power, nevertheless. When municipalities exceed their delegated powers, the act is *ultra vires* and, of course, ineffective. They function within limits fixed by the Constitution and law. *Eagle* v. *Beard*, 33 Ark. 497.

This court in *Cumnock* v. *Little Rock,* 168 Ark. 777, 782, 271 S. W. 466, said: "It is well settled in this State that counties, cities and towns or municipal corporations are created by the Legislature and derive all their powers from it unless otherwise provided by the State Constitution. *Eagle* v. *Beard,* 33 Ark. 497; *Harrison* v. *Campbell,* 160 Ark. 88, 254 S. W. 438." See also *Kitchens* v. *Paragould,* 191 Ark. 940, 88 S. W. (2d) 843.

It is unnecessary to cite numerous authorities as every practitioner must recognize as practically elementary the announcements above made. Ordinance No. 400, under which the election was held, provided for the construction and "maintenance." These are words of common or ordinary meaning and acceptation, not used in any peculiar, restricted or technical sense. The word "maintenance" is not found in the provisions of amendment No. 13 in regard to hospitals. Upon publication of this ordinance or publication of the notice for the election thereunder, citizens of the city of Morrilton must have understood that the proposition submitted to them to be voted upon was one for the construction, building, erection of a hospital structure and that when built, to make provisions for its maintenance, a means whereby it would be kept as a live, going concern for the city, an instrumentality for the relief of the sick of the community. Maintenance is rather a broad term. It could comprehend the organization of a hospital staff of physicians and surgeons, nurses and other attendants, as well as a means to supply necessary food, medicines and medicinal and surgical necessities of all kinds and for a continuation of such support of the organization. By no kind of reasonable construction are we able to say that the pertinent part of amendment No. 13 above copied provides therefor.

It is argued that the ballot when prepared for the election did not conform to the ordinance, but provided for a vote for the construction and equipment instead of construction and maintenance of the hospital, and that therefore the error in the use of the word "maintenance" in the ordinance was corrected inasmuch as the people did not vote upon the question of maintenance of the hos-

pital, but that they did vote for the equipment of the hospital, and that it was unnecessary to vote for the equipment of the hospital, inasmuch as the equipment will be furnished by the national government as a grant and without bonds issued therefor. But we are unable to substitute the word "equipment" for the word "maintenance" in the ordinance. They are not synonymous, and the ballot provided so as to permit the vote upon equipment was to that extent unauthorized by ordinance No. 400.

It is unnecessary to discuss other matters set forth and argued with equal force challenging the legality of the ordinance and proceedings of the city officers thereunder.

The chancery court erred in sustaining the demurrer. The decree is therefore reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings.