CITY OF PARAGOULD v. Boyd LEATH et ux

79-15                                    583 S.W. 2d 76

Opinion delivered July 9, 1979
(In Banc)

*Branch & Thompson,* by: *Robert F. Thompson,* for appellant.

*Cathey, Goodwin & Hamilton,* for appellees.

FRANK HOLT, Justice. Appellant filed this petition in chancery court to collaterally attack, by an injunction, an order of its Board of Zoning Adjustment which permitted a yard variance to appellees.

On May 25, 1978, appellees were issued a building permit by appellant's building inspector to erect a 4-unit apartment on their single family residential property. Construction was commenced. Appellees were later notified by appellant that the zoning laws would not permit the desired construction. On June 6, 1978, appellant's building inspector served appellees with a "Notification of Revocation of Building Permit." Appellees appealed the revocation of the permit to appellant's Board of Zoning Adjustment. The Board heard the appeal, cancelled the revocation and reinstated the permit. There was no appeal by appellant from the Board's action. Instead, appellant filed this direct action in chancery court seeking a permanent injunction against further construction and also the removal by appellees of the structure already in place. Appellees filed a demurrer and an alternative motion to dismiss alleging, *inter alia,* that equity had no jurisdiction, since appellant had not appealed from the order of the Board of Zoning Adjustment to the circuit court as

provided by Ark. Stat. Ann. § 19-2830.1 (Repl. 1968) and also the complaint failed to assert a cause of action. Appellant responded asserting that § 19-2829 h specifically empowers it to bring an action to enjoin zoning violations. The chancellor held that appellant could not maintain as an original action in equity this injunctive proceeding as a substitute for an appeal from the decision of the Board of Zoning Adjustment to the circuit court and dismissed the action.

For reversal appellant first contends that the court erred in holding that the appellant could not file this original action in chancery court under Ark. Stat. Ann. § 19-2829 h (Repl. 1968). The existence of a Board of Adjustment is mandated by § 19-2829 b. It provides in pertinent part:

b . . . .

The zoning ordinance shall provide for a board of zoning adjustment, which may either be composed of at least three (3) members or the planning commission as a whole may sit as the board of zoning adjustment. The board of zoning adjustment shall have the following functions:

(1) Hear appeals from the decision of the administrative officers in respect to the enforcement and application of said ordinance: and may affirm or reverse, in whole or part, said decision of the administrative officer.

(2) Hear requests for variances for the literal provisions of the zoning ordinance in instances where strict enforcement of the zoning ordinance would cause undue hardship due to circumstances unique to the individual property under consideration, and grant such variances only when it is demonstrated that such action will be in keeping with the spirit and intent of the provisions of the zoning ordinance. The board of zoning adjustment shall not permit, as a variance, any use in a zone that is not permitted under the ordinance. The board of zoning adjustment may impose conditions in the granting of a variance to insure compliance and to protect adjacent property.

Decisions of the board of zoning adjustment in respect to the above shall be subject *to appeal only to a court of record having jurisdiction.* (Italics supplied.) . . .

h. . . .

The legislative body may enjoin any individual or property owner who is in violation of a planning ordinance to prevent or correct such violation. Any individual aggrieved by a violation of a planning ordinance may request an injunction against any individual or property owner in violation of a planning ordinance, or may mandamus any official to enforce the provisions of a planning ordinance.

In our view the narrow issue presented is whether the appellant can test the validity of a building permit issued by its own agency by collaterally attacking its correctness in an oridinal injunctive proceeding in chancery court or is limited to testing it by appeal. No citation of authority is provided to us nor do we find a case where appellant can, as here, so collaterally attack the action. We hold that the trial court was correct in dismissing appellant's action since appellant cannot bypass the provision of the statute which provides that the remedy is by appeal. See Davis, Administrative Law Treatise, § 18.10. In spite of the language of *Wenderoth* v. *City of Ft. Smith,* 251 Ark. 342, 472 S.W. 2d 74 (1971); and *City of Batesville* v. *Grace,* 259 Ark. 493, 534 S.W. 2d 224 (1976), the act here which provides for appeals from the Board of Adjustment is not subject to those constitutional limitations applicable to City Council actions in zoning because the Board of Adjustment acts administratively, not legislatively. Appeals to the circuit court from the Board of Adjustment are permitted. See *Quapaw Quarter Assn.* v. *Bd. of Zoning Adj.,* 261 Ark. 74, 546 S.W. 2d 427 (1977); and *Arkansas Power & Light* v. *City of L.R.,* 243 Ark. 290, 420 S.W. 2d 85 (1967).

Neither can we agree that the appellant had no standing to appeal from the order of its Board of Zoning Adjustment. The statute, as indicated, provides that "[d]ecisions of the board of zoning adjustment . . . . shall be subject to appeal only to a court of record having jurisdiction." It provides no limitations as to persons or entities which may bring such an

appeal. Here the appellant, through its building inspector, who had issued and then revoked appellees' permit, and its mayor presented testimony at the Board's hearing in opposition to a reinstatement of the permit. They were well aware of the Board's action and decision to reinstate the permit from which they could have appealed.

After careful review, we find no merit in any of appellant's arguments.

Affirmed.