Jim GREEN and J. Green Development Co. *v.*
CITY of JACKSONVILLE

CA 02-917                                    110 S.W.3d 323

Court of Appeals of Arkansas
Division III
Opinion delivered April 30, 2003

*Eichenbaum, Liles & Heister, P.A.,* by: *Christopher O. Parker,* for appellants.

*J. Denham* and *Robert Bamburg,* for appellees.

TERRY CRABTREE, Judge. Appellant, Jim Green, is a developer whose final plat for a subdivision was accepted by the Jacksonville City Council on the condition that appellant comply with an ordinance requiring the installation of sidewalks. This is an appeal from an order granting appellee's motion for summary judgment and dismissing appellant's complaint, based on the conclusion that the trial court lacked jurisdiction to entertain appellant's cause of action challenging the council's decision. For reversal, appellant contends that the action of the city council was *ultra vires,* and thus the trial court had jurisdiction to enjoin the enforcement of the *ultra vires* act. We reverse and remand.

In 1999, appellant began the development of Phase II of the Collenwood Subdivision in Jacksonville, Arkansas. On November 8, 1999, the city's planning commission approved the preliminary plat that appellant submitted, which did not include sidewalks. Subsequently, on January 20, 2000, the city council passed Ordinance 1130, titled the "Master Sidewalk Plan," which required the construction of sidewalks. On December 11, 2000, the planning commission approved appellant's final plat. The minutes of the planning commission meeting reflect that the sidewalk ordinance was discussed but that it was agreed that appellant would not be required to comply with the ordinance since the process of developing the subdivision predated its enactment.

On February 1, 2001, the final plat was presented to the city council in accordance with Ordinance 17.12.100, which provides:

> Before the final plat is recorded in the Office of the Circuit Court and ex officio recorder, the subdivider shall submit the plat to the City Council . . . for [its] acceptance of public dedications. Until the public dedications and improvements have been accepted by the . . . City Council, any plat shall not be eligible to be recorded.

The city council voted to accept the subdivision's public dedications, but it conditioned its acceptance upon appellant's compliance with the sidewalk ordinance. ·

Appellant did not take an appeal to circuit court pursuant to Ark. Code Ann. § 14-56-425 (Repl. 1998). Instead, on May 22, 2001, he filed this action for declaratory and injunctive relief, contending that the city council's action was *ultra vires* because it had no authority to condition the acceptance of dedications by requiring compliance with the ordinance. In response, appellee denied that the city council exceeded its authority and took the position that the trial court lacked subject matter jurisdiction because appellant had not pursued a timely appeal of the city council's decision. Both parties moved for summary judgment, and the trial court granted appellee's motion and denied appellant's motion. In so ruling, the court did not determine whether the city council's action was *ultra vires* because it concluded that it lacked jurisdiction to make that determination since appellant had not appealed the council's decision. The trial court's ruling was in error.

▅▅▅▅ Appellant's complaint was based on the theory that the city council's action was *ultra vires*, or in excess of its authority, and that an independent action does lie to collaterally attack such acts. This theory is well-grounded in our caselaw. In *Jensen v. Radio Broadcasting Co., Inc.*, 208 Ark. 517, 186 S.W.2d 931 (1945), our supreme court stated:

> The general rule of equity jurisdiction in suits to restrain acts of public officers is stated in 28 Am. Jur. 356, as follows: 'There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or public officers, boards, or commissions which are *ultra vires* and beyond the scope of their authority, outside their jurisdiction, unlawful or without authority, or which constitute a violation of their official duty, whenever the execution of such acts would cause irreparable injury to, or destroy rights and privileges of, the complainant, which are cognizable in equity, and for the protection of which he would have no adequate remedy at law. An injunction to prevent an officer from doing that which he has no legal right to do is not an interference with his discretion.'

*Id.* at 520, 186 S.W.2d at 932. *See also Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997); *Harkey, Comm'n v. Matthews*, 243 Ark. 775, 422 S.W.2d 410 (1967); *Shellnut v. Ark. State Game & Fish Comm.*, 222 Ark. 25, 258 S.W.2d 570 (1953). Under these authorities, the trial court

would have jurisdiction to grant appellant injunctive relief if the city council's action were found to be *ultra vires*. Thus, the question of whether the city council's action was or was not *ultra vires* is the pivotal jurisdictional issue in this case, yet the trial court declined to decide that issue on the belief that it had no jurisdiction to even make that determination. However, a court always has the power and a duty to examine the evidence and to determine whether, in fact, it does have jurisdiction over the matter. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Arkansas Savings & Loan Ass'n v. Corning Savings & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972). Consequently, we reverse and remand for the trial court to make that determination.

Reversed and Remanded.

STROUD, C.J., and ROBBINS, J., agree.