Jim GREEN and J. Green Development Company, Inc. *v.*
The CITY of JACKSONVILLE

03-563                                                    182 S.W.3d 124

Supreme Court of Arkansas
Opinion delivered May 27, 2004

[Rehearing denied July 1, 2004.*]

---

* HANNAH, J. would grant rehearing.

*Eichenbaum, Liles & Heister, P.A.,* by: *Christopher O. Parker,* for appellant.

*J. Denham;* and *Robert F. Bamburg,* for appellees.

Robert L. Brown, Justice. Appellants Jim Green and J. Green Development Company, Inc. (Green), appeal an order of summary judgment in favor of appellee The City of Jacksonville. The order stated that Green failed to appeal action by the Jacksonville City Council in timely fashion and that the circuit court lacked subject-matter jurisdiction to hear the appeal. We agree with the circuit court and affirm.

At issue is the development of Phase II of the Colleenwood subdivision, which is located within the city limits of the City of Jacksonville. Green first prepared a preliminary plat showing the improvements he intended to make in Phase II and submitted that plat to the city planning commission. On November 8, 1999, the preliminary plat was approved by the planning commission. Based on this approval, Green commenced construction on Phase II.

On January 20, 2000, the Jacksonville City Council enacted Ordinance 1130, which required the construction of sidewalks in all subdivisions. Green's preliminary plat did not include sidewalks. On December 11, 2000, Green's final plat received final approval from the planning commission. The planning commission stipulated that if the Master Sidewalk Plan called for sidewalks, it would not require them in Phase II, as they were not practicable.

On February 1, 2001, the Colleenwood Phase II improvements came before the City Council for dedication. The City Council, however, disagreed with the planning commission with respect to the sidewalk ordinance and approved the final plat "subject to the owner constructing sidewalks" pursuant to Ordinance 1130.

■ On May 22, 2001, Green filed an action against the City of Jacksonville and sought a declaration that the City Council's action was void. Green also asked for an injunction to stop the City Council from forcing him to construct sidewalks. Both parties filed motions for summary judgment. Green argued that he was entitled to judgment as a matter of law, because the City Council acted *ultra vires*. The City argued that Ark. Code Ann. § 14-56-425 (Repl. 1998), required that Green appeal the City Council's action to the circuit court within thirty days, and because Green failed to do so, the circuit court was deprived of subject-matter jurisdiction. The circuit court granted the City's motion. Green appealed to our court of appeals, and that court reversed the circuit court's decision and remanded the case. *See Green v. City of Jacksonville*, 82 Ark. App. 39, 110 S.W.3d 323 (2003). We granted the City's petition for review. When this court grants a petition to review a decision of the court of appeals, we review the matter as if the appeal had been originally filed in this court. *See Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002).

■ Summary judgment is appropriate when it is clear

that there are no genuine issues of material fact at issue, and the party is entitled to judgment as a matter of law. *See Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of an issue of material fact. *See id*. On appellate review, we determine if summary judgment was appropriate based on whether an issue of material fact has been created and remains unresolved. See Ark. R. Civ. P. 56(c); *Spears v. City of Fordyce, supra*. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See Spears v. City of Fordyce, supra*.

The circuit court in its order concluded that it lacked jurisdiction to hear Green's declaratory-judgment action and action for injunction, because Green "failed to perfect a timely appeal of his Complaint of action to this Court within thirty (30) days in compliance with the terms of A.C.A. § 14-56-425[.]" Section 14-56-425 reads:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Green first maintains that the City Council's conditional approval of his final plat was *ultra vires*. Under Green's theory, he was not appealing the substance of the City Council's decision but was asserting the Council acted beyond its statutory and procedural authority. He maintains that § 14-56-425 does not apply because his challenge is the type of "remedy provided by law" as contemplated by the statute. He further asserts that it was not necessary for him to appeal the City Council's action as that action was void and, thus, was not appealable.

We disagree, as this court has already decided the issue of the applicability of § 14-56-425 to city council resolutions. *See Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003). In *Ingram*, the issue was a city council resolution to raze the appellant's property. After passage of that resolution, the appellant's property was destroyed by the City. The appellant sued for

declaratory and injunctive relief. The City moved for judgment on the pleadings for failure of the appellant to appeal within thirty days under Inferior Rule 9, and the circuit occur granted the motion. This court affirmed. We said: "Rule 9 applies to city council and planning commission resolutions via Ark. Code Ann. § 14-56-425 (Repl. 1998)[.]" 355 Ark. at 134, 133 S.W.3d at 385. We added that the filing requirements of Rule 9 are mandatory and jurisdictional and that failure to comply prevents the circuit court from acquiring subject-matter jurisdiction. Along these same lines, this court has previously held that § 14-56-425 applies to appeals of actions of the city council, when the act complained of is the city's application of its own zoning regulations. *See City of Jonesboro v. Vuncannon*, 310 Ark. 366, 837 S.W.2d 286 (1992).

■ Based on this precedent, we affirm the trial court. Green was required to appeal the city council's action taken on February 1, 2001, to approve his plat conditioned on compliance with the sidewalk ordinance. This he failed to do, and the circuit court properly granted summary judgment for lack of subject-matter jurisdiction.

Affirmed.

Court of Appeals reversed.

HANNAH, J., dissents.

JIM HANNAH, Justice, dissenting. I respectfully dissent. I first note that the majority relies on *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), and *City of Jonesboro v. Vuncannon*, 310 Ark. 366, 837 S.W.2d 286 (1992), in error. In neither case was the issue of an *ultra vires* act even raised and neither case involved the question of whether the City Council has the authority to veto a decision of the planning commission approving the final plat and "as built"plans. The reliance on the wrong precedent causes the majority to err. In *Ingram, supra,* the issue was over a resolution passed by the City Council ordering the destruction of Ingram's property. City councils have the authority to pass resolutions and act administratively. *See, e.g. Summit Mall Co, LLC v. Lemond,* 355 Ark. 190, 132 S.W.3d 725 (2003). In *Vuncannon, supra,* the issue was the denial of an appeal by the City Council from a decision of the planning commission. City councils have the authority to hear appeals from denial of proposals submitted to the planning commission. Ark. Code Ann. § 14-56-412(f)(2) (Repl. 1998). Neither case casts any light whatever on the question of whether a city council may veto a decision of the

planning commission approving plats and plans as the planning commission is charged to do under the municipal planning statutes. As a consequence of relying on the wrong cases, the majority never addresses the issues presented in this case.

First, the majority abandons longstanding civil procedure on *ultra vires* acts of government and lays waste to the municipal planning statutes. The majority misperceives this case as one where a party failed to meet a deadline to file and appeal from a city council decision and then attempted to collaterally attack the decision by alleging it was *ultra vires*. Green never attempted to appeal and argues there was nothing to appeal because the City Council acted without authority which made the decision void.

The majority's misunderstanding of the facts of this case is apparent from the outset. The majority opinion states, "The planning commission stipulated that if the Master Sidewalk Plan called for sidewalks, it would not require them in Phase II, as they were not practicable." This implies that the planning commission simply chose to ignore the ordinance on sidewalks passed by the city council. Such an act of insubordination by an administrative agency of a municipality would be a matter of concern. However, the planning commission found that Phase II was not subject to the sidewalk ordinance because the plat was submitted and accepted by the planning commission before the ordinance was adopted. The work carried out by Green and given final approval by the planning commission was completed pursuant to the preliminary plat approved by the planning commission more than sixty days before the sidewalk ordinance was passed by the city council. This fact is critical, and its absence in the majority opinion helps to illustrate the misunderstanding that has caused the majority to err. Implicit in the majority opinion is a concern of how a city council is to operate effectively if every decision is subject to challenge at any time by an assertion that the decision is *ultra vires*.

The majority's application of Ark. Code Ann. § 14-56-425 to require that any dispute over an act by a city council be challenged by appeal to the circuit court within thirty days under Inferior Ct. R. 9 clearly resolves the concern because under the majority opinion a city council is not bound by the planning commission and may veto and nullify acts of its planning commission at will. Unfortunately, this approach ignores civil procedure, ignores the entire statutory scheme on planning commissions, extinguishes the cause of action for unauthorized acts of government, and is contrary to over one hundred years of precedent. The

court of appeals correctly decided this case. The petition for review should have been denied, and the rule of law would have been better served had the petition been denied. This decision will result in uncertainty, and confusion, and it will destroy the orderly municipal development that is the goal of the municipal planning statutes.

As the law stands after this decision, a developer will never know with certainty what is required of him or her until after improvements have been constructed and the completed improvements are presented to the city council for dedication. The planning commission is rendered meaningless because its decisions are subject to modification or veto at any moment by the city council. It is difficult to imagine that any developer would be eager to invest the substantial sums required for development knowing that the approval of the planning commission is meaningless and subject to change or nullification after work is completed. Imagine the cost that would be incurred by a developer if the city council decided after the improvements were completed that entire streets had to be torn up and moved. Under such facts, it is likely a developer might have insufficient funds to make such changes. Under the statutes, the improvements would become the property of the municipality, and likely this would constitute an unconstitutional taking. It is clear that this decision promises lots of litigation in the future. I am hopeful that the General Assembly will correct this error of the majority by amending the statutes in the next legislative session.

I am also deeply concerned that the majority's decision deprives the public of the ability to control unauthorized and even illegal acts of government. I would think that this court would want to protect the ability to bring to light and to correct unauthorized and illegal conduct by government. Under this decision, a city council may now act without authority, beyond authority, or arguably even illegally, and if thirty days pass, the city council is forever protected by Arkansas Inferior Court Rule 9. That is foolish and contrary to law. The majority opinion states:

> He further asserts that it was not necessary for him to appeal the City Council's action as that action was void and, thus, was not appealable.
>
> We disagree, as this court has already decided the issue of the applicability of § 14-56-425 to city council resolutions. *See Ingram v. City of Pine Bluff,* 355 Ark. 129, 133 S.W.3d 382 (2003) . . . We said:

'Rule 9 applies to city council and planning commission resolutions via Ark. Code Ann. § 14-56-425 (Repl. 1998)[1].'

The majority fails to address Green's assertion that an act that is void is not subject to appeal. In so doing, the majority substitutes an appeal for an action in equity alleging an *ultra vires* act. This quasi-homogenization of the law on appeal and *ultra vires* is not helpful. I must note that brief research reveals that an assertion that a governmental entity has acted without authority has been subject to suit in equity for more than one hundred years. No reason is given why Green may not do as countless others before him have done.

### Challenging the Ultra Vires Acts of Government

Green alleged that the action by the City Council was void. Green asserted in his complaint that the City Council's attempt to approve or disapprove his final plat was "arbitrary, capricious, *ultra vires* and of no effect whatsoever. . . .". Green also sought an injunction to stop the City Council from acting outside its authority. Green did not assert that the City Council made the wrong decision regarding approval of his final plat, rather; he asserted that the City Council was without authority to make any decision on approval of the final plat. Where a governmental entity lacks the authority by statute, and where authority may not be necessarily or fairly implied from powers expressly granted, an act is *ultra vires* and void. *Town of Mena v. Smith*, 64 Ark. 363, 42 S.W. 831 (1897). *See also Wiegel v. Pulaski County*, 61 Ark. 74, 32 S.W. 116 (1895). The authority to hear complaints of *ultra vires* acts exists in equity.[2] *Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000); *Jensen v. Radio Broad. Co.*, 208 Ark. 517, 186 S.W.2d 931 (1945). Green properly filed his action in chancery court.

---

[1] As is discussed later in my dissent, the conclusory statement in *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), that Ark. Code Ann. § 14-56-425 (Repl. 1998) is applicable to acts of a city council is wrong and contrary to longstanding law.

[2] It should be noted that consistent with longstanding law that equity has jurisdiction of suits alleging *ultra vires* acts, Green filed his action in chancery court. Section 14-56-425 only provides for actions in circuit court. Thus, the majority's conclusion that the trial court lacked jurisdiction because Green failed to file pursuant to Ark. Code Ann. § 14-56-425 is incorrect because such an action could not be filed in chancery court. Green's action was properly flied in chancery court. At the time Green filed his case, there were still separate courts of law and equity. Amendment 80 merged the courts, and the judgment was later issued by the circuit court. However, at the time that the complaint was filed, it had to be filed in chancery court because an *ultra vires* act was alleged.

"When municipalities exceed their delegated powers, the act is *ultra vires* and, of course, ineffective. They function within the limits fixed by the constitution and law." *Neal v. City of Morrilton*, 192 Ark. 450, 92 S.W.2d 208 (1936). Green seeks a declaration that the City was without authority to veto the planning commission and substitute its own judgment. In other words, he argues that the act of the City Council was void, so an appeal to reconsider whether the sidewalks should have been required is simply nonsensical. The propriety of the decision of the City Council regarding installation of sidewalks is not at issue, and Green does not seek review of whether the City correctly decided the application of the ordinance. Thus, the issue of whether the City Council erred in deciding that the regulations required construction of sidewalks is not before this court and was not before the circuit court. *See, e.g., Murphy v. City of West Memphis*, 352 Ark. 315, 101 S.W.3d 221 (2003).

This case is simple. Green asked a court of equity to restrain an alleged *ultra vires* act of a public corporation. "There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions, which are *ultra vires* and beyond the scope of their authority, or which constitute a violation of their official duty . . . ." *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 302, 954 S.W.2d 221 (1997) (quoting *Jensen*, 208 Ark. at 520); *Shellnut v. Ark. State Game & Fish Comm'n.*, 222 Ark. 25, 31, 258 S.W.2d 570 (1953) (quoting *Jensen*, 208 Ark. at 520). The circuit court failed to exercise its jurisdiction. While clearly an appeal was neither possible, sought, nor perfected under Ark. Code Ann. § 14-56-425, jurisdiction does lie in equity for a claim that the City Council acted beyond its authority in even considering whether Green complied with the regulations in failing to install sidewalks. The case should be remanded to the trial court for consideration of Green's claim that the City Council acted *ultra vires*.

*Section 14-56-425 does not apply to acts of the City Council*

As already discussed, the majority erroneously relies on *Ingram, supra*, because *Ingram* involved whether the City Council made the correct decision, and this case involves the question of whether the City Council has the authority to make a decision. In addition, *Ingram, supra*, is also in error in applying Ark. Code Ann. § 14-56-425 (Repl. 1998) to decisions of a city council. In *Ingram*, the court simply stated, "Rule 9 applies to City Council and planning commission resolutions via Ark. Code Ann. § 14-56-425

. . . ." *Ingram*, 355 Ark. at ___. This statement that Rule 9 applies to city councils via Ark. Code Ann. § 14-56-425 is wrong and cannot be squared with either case law on Ark. Code Ann. § 14-56-425 or the statutes on municipal planning.[3] Section 14-56-425 provides for appeals from final actions taken by "administrative and quasi-judicial agencies concerned in the administration of this subchapter. . . ." Ark. Code Ann. § 14-56-425. The City Council may certainly act both administratively or quasi-judicially, but the City Council is not an administrative and quasi-judicial agency concerned in the administration "of this subchapter."

Subchapter 4 allows qualifying cities to "adopt" a municipal plan. Ark. Code Ann. § 14-56-402 (Repl. 1998). The legislative body adopting the plan may create a planning commission. Ark. Code Ann. § 14-56-404 (Repl. 1998). Likewise a legislative body by ordinance may create a zoning board. Ark. Code Ann. § 14-56-416(b)(1) (Repl. 1998). The legislative body is the city because it is the city that adopts the plan and creates the planning commission. The planning commission is not a legislative body, but rather operates in an administrative capacity. *Richardson v. City of Little Rock*, 295 Ark. 189, 747 S.W.2d 116 (1988). The purpose of the planning commission is to carry out a number of duties including preparation and administration of planning regulations. Ark. Code Ann. § 14-56-411 (Repl. 1998). The planning commission is to transmit to the legislative body, for enactment, recommended ordinances and regulations to carry out the plan. Ark. Code Ann. § 14-56-415 (Repl. 1998). After approval by the legislative body, the planning commission is to "administer" the regulations controlling the development of land. Ark. Code Ann. § 14-56-417 (Repl. 1998). Section § 14-56-422 (Repl. 1998) sets out the process whereby the planning commission proposes plans, ordinances, and regulations which are then adopted by the "legislative body of the city."

It is the planning commission that is to "administer planning regulations. . . ." Ark. Code Ann. § 14-56-411. In order for the majority's analysis to be correct, the City would have to be an agency of itself. Section 14-56-425 provides for appeals from

---

[3] Likewise, *City of Jonesboro v. Vuncannon*, 310 Ark. 366, 837 S.W.2d 286 (1992), is in error where it seems to state that Ark. Code Ann. § 14-56-425 provides for *de novo* review of an "action by the City Council on application of its zoning ordinances . . . ." *Vuncannon*, 310 Ark. at 371.

action taken by "agencies." The legislative body, in this case the city council, created the planning commission as allowed by Ark. Code Ann. § 14-56-404 (Repl. 1998), and thus, obviously, the planning commission is the administrative or quasi-judicial agency referred to in Ark. Code Ann. § 14-56-425. An appeal under Ark. Code Ann. § 14-56-425 lies from action taken by the planning commission, not from action taken by the city council.

This is illustrated by *City of Paragould v. Leath*, 266 Ark. 390, 583 S.W.2d 76 (1979). In *City of Paragould*, a building permit was issued by the city's building inspector to construct an apartment building on single family residential property. The City subsequently sent a building inspector out to serve "Notification of Revocation of Building Permit." Leath went to the Board of Zoning Adjustments, and the Board cancelled the revocation and reinstated the permit. This court noted in *City of Paragould* that the city failed to appeal to the circuit court from the zoning board's action. Instead, the City filed a direct action in chancery court seeking a permanent injunction against further construction. This court stated:

> In our view the narrow issue presented is whether the appellant can test the validity of a building permit issued by its own agency by collaterally attacking its correctness in an original injunctive proceeding in chancery court or is limited to testing it by appeal. No citation of authority is provided to us nor do we find a case where appellant can, as here, so collaterally attack the action. We hold that the trial court was correct in dismissing appellant's action since appellant cannot bypass the provision of the statute which provides that the remedy is by appeal. See Davis, Administrative Law Treatise, 18.10.

*City of Paragould*, 266 Ark. at 393. This court in *City of Paragould* went on to state:

> Here the appellant, through its building inspector, who had issued and then revoked appellees' permit, and its mayor presented testimony at the Board's hearing in opposition to a reinstatement of the permit. They were well aware of the Board's action and decision to reinstate the permit from which they could have appealed.

*City of Paragould*, 266 Ark. at 394. Thus, from *City of Paragould*, it is clear that the City was required to comply with Ark. Code Ann. § 14-56-425 by appealing the decision of the zoning board and failed

to do so. The City objected to the decision of the Board to reinstate the permit, an action within its authority. Where the claim is that the planning commission or zoning board made the wrong decision, the remedy is by appeal under Ark. Code Ann. § 14-56-425.

Section 14-56-425 provides for appeal of decisions by the agencies created by cities pursuant to the municipal planning statutes. The City Council obviously is not an agency of itself. Had the legislature intended that acts by the cities creating the administrative and quasi-judicial agencies under Ark. Code Ann. § 14-56-401 and the following code sections be subject to appeal under Ark. Code Ann. § 14-56-425, cities would have been included in Ark. Code Ann. § 14-56-425. Instead, Ark. Code Ann. § 14-56-425 provides for appeals from final actions taken by agencies created by cities pursuant to subchapter 4.

Under Ark. Code Ann. § 14-56-425, "only final actions taken by a planning commission are appealable." *Stromwall v. City of Springdale Planning Comm'n*, 350 Ark. 281, 283, 86 S.W.3d 844 (2002). The court of appeals in *Pierce Addition Homeowners Ass'n, Inc. v. City of Vilonia*, 76 Ark. App. 393, 65 S.W.3d 485 (2002), is consistent and states:

> Appeals from final action taken by the administrative, quasi-judicial, and legislative agencies may be taken to circuit court and must be filed in the manner provided under Rule 9 of the Arkansas Inferior Court Rules. *See* Ark. Code Ann. § 14-56-425 (Repl. 1998); *see also Board of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997). The provisions of Inferior Court Rule 9 are mandatory and jurisdictional; if an appellant does not comply with the rule's provisions, the circuit court is without authority to accept the appeal. *J & M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001). When a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. *Id.; see also Board of Zoning Adjustment, supra.*

*Pierce,* 76 Ark. App. at 395-96.

Other cases support the conclusion that Ark. Code Ann. § 14-56-425 applies to the commissions created by cities. In *Night Clubs, Inc. v. Fort Smith Planning Comm'n,* 336 Ark. 130, 984 S.W.2d 418 (1999), the appeal was taken from the decision by the planning commission. In *Board of Zoning Adjustment v. Cheek,* 328 Ark. 18, 22, 942 S.W.2d 821 (1997), this court stated of Ark. Code

Ann. § 14-56-425: "That statutory provision attempts to provide for appeals to circuit court from final actions taken by administrative and quasi-judicial agencies. . . ." Appeals from the decision of the planning commission are to be "tried *de novo* on the same issue that was pending before the Board. . . ." *Arkansas Power & Light, Co., v. City of Little Rock*, 243 Ark. 290, 420 S.W.2d 85 (1967); *City of Little Rock v. Leawood Property Owners' Ass'n*, 242 Ark. 451, 413 S.W.2d 877 (1967). "The purpose of the statute is to provide a means for judicial review of the decisions of such boards." *McCammon v. Boyer*, 285 Ark. 288, 686 S.W.2d 421 (1985).

I strongly believe that unauthorized and illegal acts of government should be subject to challenge and injunction whenever and wherever found. Providing cities with what amounts to a thirty-day statute of limitations beyond which the cities' unauthorized acts are untouchable seems very unwise. I am mystified as to why the majority refuses to allow Green to challenge the act of the City Council in equity as an *ultra vires* act as such challenges have been brought historically. I see no reason why the majority wishes to abandon such prior precedent. I am deeply concerned about the effect this will have on development and wonder where developers will be found who will be willing to invest money in work that enjoys utterly no assurance it will be accepted by the city. I am also disturbed that the majority seems reluctant to bind a city council by the acts of its own administrative agencies. *Ingram, supra,* and *Vuncannon, supra,* have not assisted in clarifying subchapter 4, but it is not hard to determine that Ark. Code Ann. § 14-56-425 applies only to decisions of planning commissions and zoning boards given the chaos that will be created by this decision.

Therefore, I respectfully dissent.