2009 Ark. App. 105

**Ron BUCK, Appellant,**

v.

**CITY OF HOPE, Appellee.**

**No. CA 08–709.**

Court of Appeals of Arkansas.

Feb. 18, 2009.

Patton Roberts PLLC, by: Richard Adams, and Corey D. McGaha, Texarkana, for appellant.

Robert Beard, North Little Rock, for appellee.

COURTNEY HUDSON HENRY, Judge.

Appellant Ron Buck appeals an order from the Hempstead County Circuit Court dismissing his complaint against the City of Hope (City), appellee. For reversal, appellant argues that the trial court erred in concluding that it lacked subject-matter jurisdiction because appellant failed to pursue a timely appeal of decisions made by the City's Board of Directors approving a lease and a supplemental lease agreement of property owned by the City. We find merit in appellant's argument, and we reverse and remand.

Appellant operates a chicken farm on land he owns that is adjacent to the Hope Municipal Airport. On October 4, 2005, a representative of the Federal Emergency Management Agency (FEMA) attended a meeting of the City's Board of Directors (Board) and presented a request to lease a portion of the City's airport property for the storage of mobile homes to be used in the recovery effort following Hurricane Katrina. The Board approved the request in a unanimous vote, and the mayor signed the lease on October 5, 2005.

Thereafter, a FEMA representative submitted a proposal to amend the lease at a Board meeting on March 21, 2006. According to the minutes of the meeting, the proposed amendment was to allow the "possibility" of graveling 170 acres of the leased property. The Board passed the amendment on that date, and later, the mayor executed a supplemental lease on April 5, 2006. The supplemental lease granted FEMA permission to proceed with the "development of 170 acres, with Geotech fabric applied and 4″ to 6″ of SB–2/Class 7 crushed stone applied over fabric."

On June 21, 2007, appellant filed a complaint against the City asserting claims of nuisance, inverse condemnation, trespass,

and negligence. In support of these claims, appellant alleged that the grading of the airport property and the use of SB–2 crushed rock and fabric caused flooding on his land, even after small rainfalls. Specifically, appellant alleged that rainwater, which previously either evaporated or percolated into the soil, now drained onto his property causing his land to flood and a creek and drainage ditch to overflow. Appellant asserted that the flooding threatened his chicken operation, caused soil erosion, and resulted in the decreased value of his property.

The City responded to the complaint with a motion to dismiss pursuant to Rule 12(b)(1) of the Arkansas Rules of Civil Procedure (2008), which provides for dismissal |₃when subject-matter jurisdiction is lacking. In this motion, the City argued that Arkansas Code Annotated section 14–56–425 (Repl.1998) and Rule 9 of the District Court Rules mandated the dismissal of appellant's complaint because appellant failed to appeal within thirty days of either the Board's October 4, 2005, approval of the FEMA lease, or the Board's March 21, 2006, decision to amend the lease permitting FEMA's development of the airport property. As evidentiary support, the City attached to the motion the minutes of the Board meetings on the relevant dates, as well as the lease and supplemental lease entered into with FEMA. Appellant filed a response to the motion, arguing generally that neither section 14–56–425 nor Rule 9 applied and that the trial court had jurisdiction to entertain his claims. After a brief hearing, the trial court granted the City's motion and dismissed appellant's complaint with prejudice because appellant failed to appeal the Board's decisions in a timely fashion. This appeal followed.

For reversal, appellant argues that he was not required to appeal the Board's decisions under section 14–56–425 and Rule 9 because he was not seeking review of the Board's decisions regarding the leases. In addressing this issue, we observe that where, as here, a trial court considers matters outside the pleadings, the appellate court treats the order of dismissal as an order of summary judgment. *Kyzar v. City of West Memphis,* 360 Ark. 454, 201 S.W.3d 923 (2005). In this case, there is no dispute as to any material fact, and where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Dachs v. Hendrix,* 103 Ark.App. 184, 287 S.W.3d 627 (2008).

|₄The basis of the trial court's decision lies in Arkansas Code Annotated section 14–56–425, which provides:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Our supreme court has interpreted section 14–56–425 to incorporate the appeal procedures outlined in District Court Rules 8 and 9. *Combs v. City of Springdale,* 366 Ark. 31, 233 S.W.3d 130 (2006). In particular, Rule 9[1] provides in relevant part:

> (a) Time for Taking Appeal. All appeals in civil cases from district courts to

---

1. We note that the supreme court has made substantial changes to Rule 9, and the amendments to the rule became effective January 1, 2009. The amendments include specific procedures governing appeals from administrative decisions made by a governmental body or agency. However, the amendments have no bearing on the present case.

circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty days from the date of the entry of judgment.

The supreme court has also declared that, where an appeal falls under Rule 9, compliance with its requirements is mandatory and jurisdictional, and the failure to comply precludes the circuit court from exercising jurisdiction over the appeal. *Clark v. Pine Bluff Civil Serv. Comm'n,* 353 Ark. 810, 120 S.W.3d 541 (2003).

In addition to the statute and the rule, the trial court relied on the supreme court's decisions in *Green v. City of Jacksonville,* 357 Ark. 517, 182 S.W.3d 124 (2004), and *Ingram v. City of Pine Bluff,* 355 Ark. 129, 133 S.W.3d 382 (2003). In *Green,* a developer and the city council were at odds over the construction of sidewalks in a proposed subdivision. On February 1, 2001, the city council voted to approve the developer's final plat, but the council's approval contained the requirement of constructing sidewalks. On May 22, 2001, the developer filed suit against the city seeking both a declaratory judgment that the city's conditional approval of the plat was an *ultra vires* act, and an injunction to prevent the city from enforcing the sidewalk requirement. The trial court dismissed the complaint on the strength of section 14–56–425 and Rule 9. Noting that section 14–56–425 applies to the actions of a city council, the supreme court upheld the trial court's dismissal of the complaint because the developer did not appeal the city council's decision requiring the construction of sidewalks within thirty days as required under Rule 9.

In the case of *Ingram v. City of Pine Bluff, supra,* Mr. Ingram received notice that his rental property would be considered for demolition at the April 7, 1997, meeting of the city council. Ingram, however, did not attend the scheduled city council meeting, and the council passed a resolution to raze Ingram's property. Several years later, Ingram filed suit seeking declaratory and injunctive relief against the city with regard to the razing of his property. The trial court dismissed Ingram's complaint, and the supreme court affirmed based on Ingram's failure to timely appeal the city council's resolution calling for the demolition of his property.

The rule that emerges from the opinions in *Green* and *Ingram* is that a landowner who suffers an adverse decision made by a city council, acting in its administrative capacity, must challenge the city council's action by taking an appeal within thirty days of the council's decision. However, the facts in this case are materially different from those found in *Green* and *Ingram,* and these differences compel us to hold that the requirements of section 14–56–425 and Rule 9 do not apply in this case. Unlike the city councils in *Green* and *Ingram,* the Board in this instance took no direct action against appellant's property in leasing the airport property to FEMA. Consequently, appellant was not aggrieved by the Board's decisions approving the lease or supplemental lease agreement. In addition, the landowner in *Green* participated in the proceedings before the city council, and the landowner in *Ingram* chose not to attend the city-council meeting. In our view, the appellant in the case before us should not be expected to appeal decisions that did not affect his property at the time the Board made those decisions. Based on the circumstances of this case, we hold that the Board's actions did not trigger the appeal requirements found in section 14–56–425 and Rule 9. It follows that appellee was not entitled to judgment as a matter of law, and the trial court erred by dismissing appellant's complaint

based on the failure to timely perfect an appeal.

Reversed and remanded.

HART and GLOVER, JJ., agree.